*1383
 
 OPINION
 

 Per Curiam:
 

 This is an appeal from summary judgment granted in favor of respondent Union Plaza Hotel and Casino Inc. (Union Plaza). We conclude that the summary judgment was improperly granted, and thus reverse the summary judgment and remand this case to the district court.
 

 On August 20, 1990, two Union Plaza security officers observed an individual (who was later identified as Willie Stringer (Stringer)) who they believed had been previously “86’ed”
 
 [1]
 
 from the Union Plaza casino for purse snatching “or something or other.” The security officers approached Stringer to request identification because he was not playing any of the casino games, wore ragged clothes, apparently had no money and was looking through slot machine trays for coins. It is standard Union Plaza procedure for two security guards to approach an individual suspected of being previously 86’ed in order to dissuade the individual from attempting to flee. In this instance, the presence of two security guards did not dissuade the six-foot, two-hundred pound Stringer from fleeing. Rather, Stringer successfully eluded the two security officers and began running through the crowded casino. After Stringer knocked an unidentified woman to the floor, the two security guards began chasing Stringer, and during this chase Stringer knocked appellant Rose I. Basile (Basile) to the floor. As a result, Basile was injured, and she subsequently brought this tort action against Union Plaza. The district court granted Union Plaza’s motion for summary judgment based on its conclusion that the Union Plaza security guards acted reasonably under the circumstances.
 

 This court reviews a summary judgment order de novo. Tore, Ltd. v. Church, 105 Nev. 183, 185, 772 P.2d 1281, 1282 (1989). Summary judgment is appropriate only when the evidence shows that “there is no genuine issue of any material fact and the
 
 *1384
 
 moving party is entitled to judgment as a matter of law.” Pacific Pools Construction Co. v. McClain’s Concrete, Inc., 101 Nev. 557, 559, 706 P.2d 849, 851 (1985). Further, a litigant has the right to a trial when the slightest doubt as to the facts exists, and in deciding whether summary judgment is appropriate, the evidence must be viewed in the light most favorable to the nonmov-ing party.
 
 Id.,
 
 706 P.2d at 849.
 

 A proprietor has a duty to exercise “reasonable and ordinary care” in keeping its premises safe for its patrons. Early v. N.L.V. Casino Corp., 100 Nev. 200, 203, 678 P.2d 683, 684 (1984);
 
 see also
 
 Asmusen v. New Golden Hotel Company, 80 Nev. 260, 262, 392 P.2d 49, 49 (1964). The duty to protect a patron, however, is conditional when the harm is caused by a third person. A proprietor only has a duty to take affirmative action to control the acts of a third person when the proprietor has reasonable cause to anticipate the third person’s acts and the probability of injury.
 
 Id.
 
 (citing Thomas v. Bokelman, 86 Nev. 10, 13, 462 P.2d 1020, 1022 (1970)). In general, whether a proprietor could foresee the wrongful acts of a third person and the probability of injury is a question of fact, and thus a jury question. Elko Enterprises, Inc. v. Broyles, 105 Nev. 562, 566, 779 P.2d 961, 964 (1989). In this case, Union Plaza apparently concedes that it had reasonable cause to anticipate that a person suspected of having been previously 86’ed might attempt to flee upon being approached by Union Plaza security guards (otherwise Union Plaza would not need a policy designed to dissuade such people from fleeing). A question of fact nevertheless remains regarding the foreseeability of Basile’s injury. Thus, whether Union Plaza had a duty to take affirmative action to control Stringer’s actions remains an open issue that can only be resolved after the jury answers the question of the foreseeability of Basile’s injury.
 

 Assuming that Union Plaza did have a duty to protect Basile from the danger posed by a person fleeing after being approached by Union Plaza security officers, the question is whether Union Plaza breached that duty by failing to act reasonably under the circumstances.
 
 See Early,
 
 100 Nev. at 204, 678 P.2d at 684. That is, assuming the foreseeability of Stringer’s action in running from the security officers and the foreseeability of Basile’s injury, was it reasonable for the two security officers to approach Stringer in the midst of a crowded casino and then chase Stringer after he knocked an unidentified woman to the ground in the process of successfully evading them? Union Plaza urges, and the district court apparently concluded, that Union Plaza did act
 
 *1385
 
 reasonably under the circumstances
 
 as a matter of law.
 
 We cannot uphold this conclusion. Viewing the evidence presented in the light most favorable to Basile, we believe a jury could reasonably conclude that the Union Plaza security officers did not act reasonably under the circumstances and thus that Union Plaza breached its duty to exercise reasonable and ordinary care in keeping its premises safe for its patrons.
 
 See id.
 
 at 203, 678 P.2d at 684.
 

 Based upon the foregoing, we reverse the district court’s order granting summary judgment and remand this case to the district court for further proceedings consistent with this opinion.
 

 [1]
 

 The term “86’ed” is a Union Plaza security code describing a person who has been evicted from the Union Plaza casino on a prior occasion.