ANGELINA VINCI, Appellant, *v.* LAS VEGAS SANDS, INC., a Nevada Corporation, dba THE SANDS HOTEL AND CASINO, and TIMOTHY KEVIN DOWNEY, Respondents.

No. 30412

August 27, 1999 984 P.2d 750

[Rehearing denied November 22, 1999]

*Kirk-Hughes & Associates* and *Judith H. Braecklein,* Las Vegas, for Appellant.

*Beckley, Singleton, Jemison & List* and *Elizabeth Gonzalez,* Las Vegas, for Respondents.

## OPINION

*Per Curiam:*

This case involves two separate incidents at the Las Vegas Sands Hotel and Casino ("Sands"), where appellant Angelina Vinci sustained injuries from a trip-and-fall accident, and then, one week later, was arrested for unlawfully accepting gaming chips without signing a marker. Vinci and two Sands' employees were indicted on charges of conspiracy to commit a fraudulent act in a gaming establishment under NRS 199.480 and NRS 465.070. One of the Sands' employees eventually pled guilty to participating in a scheme to defraud the Sands. However, the criminal charges against Vinci were ultimately dismissed.

Vinci brought a negligence action against the Sands for the trip-and-fall incident and then amended her complaint several times to add claims for abuse of process, negligence and negligent hiring and training against the Sands, and negligence against Sands' employees for injuries she allegedly sustained from the gaming incident.

By granting partial summary judgment, the district court dismissed Vinci's negligence claims arising from the gaming incident,[2] concluding that NRS 465.101 does not impose a duty upon the Sands or its employees to warn Vinci that accepting gaming chips without signing a marker violates a gaming law. The court certified its order as final pursuant to NRCP 54(b), and Vinci appealed the order granting partial summary judgment. Finding no relationship between the two incidents, the district court denied Vinci's motion to continue the trial of her trip-and-fall claim

---

[2]Vinci does not appeal the dismissal of her abuse of process claim.

pending the outcome of her appeal of the gaming incident claims. The court also excluded evidence of the gaming incident from Vinci's remaining trip-and-fall claim. In light of the court's ruling, Vinci stipulated to dismiss her trip-and-fall claim against the Sands.

Based upon our review of the record, we conclude that there are no issues of material fact as to Vinci's negligent hiring and training claim. NRCP 56(c); Sawyer v. Sugarless Shops, 106 Nev. 265, 267, 792 P.2d 14, 15 (1990). There is no evidence in the record that the Sands failed to conduct a reasonable background check of its employees, or failed to use reasonable care in the training, supervision, and retention of its employees, to ensure their fitness for their respective positions. *See* Hall v. SSF, Inc., 112 Nev. 1384, 1392, 930 P.2d 94, 98 (1996). There is also no evidence that the Sands knew or should have known that some of its employees were engaged in a conspiracy to defraud the casino. *Id.* Therefore, this claim was properly dismissed by summary judgment.

We also conclude that there is no statutory or common-law duty imposed upon the Sands or its employees to warn patrons that it is a violation of Nevada law to accept gaming chips without a marker. *See* Warmbrodt v. Blanchard, 100 Nev. 703, 707, 692 P.2d 1282, 1285 (1984) ("In the absence of a breach of duty, there can be no negligence, as a matter of law."). The district court correctly determined that NRS 465.101 does not create such a duty.

Casinos have been held liable for injuries sustained by patrons who were arrested for, but never convicted of, violating Nevada gaming laws. In El Dorado Hotel, Inc. v. Brown, 100 Nev. 622, 625, 691 P.2d 436, 439 (1984), a patron was arrested by the Gaming Control Board for cheating because he continued to play a slot machine that was out of adjustment, resulting in more frequent payoffs. Casino employees knew that the reels of the slot machine were not working properly but made no effort to remove the machine from service or move Brown to a new machine. *Id.* at 624-25, 691 P.2d at 438-39. The casino never told the Gaming Control Board about the machine's malfunctions and other information that bore favorably on the patron's conduct. *Id.* at 628, 691 P.2d at 441. This information may have affected the Gaming Control Board's decision to arrest the patron. We concluded that there was sufficient evidence from which a jury could find that a casino breached its duty to protect its guest from foreseeable injuries by third persons while on its premises. *Id.*

In Hazelwood v. Harrah's, 109 Nev. 1005, 1007-09, 862 P.2d 1189, 1191 (1993), a patron was detained by casino personnel, and later arrested, for attempting to cash a winning keno ticket for which he had not paid. In that case, a casino employee told the patron that a winning keno ticket had not been presented for payment. *Id.* at 1007, 862 P.2d at 1190. The employee gave the patron permission to search for the ticket in the trash and gave the patron a list of the winning numbers drawn in the game. *Id.* The employee did not inform the patron that, under Nevada law, it is unlawful to attempt to cash the keno ticket without having paid for the ticket. *Id.* We concluded that the casino was not immune from liability under NRS 465.101(1) for claims of false imprisonment, negligence and negligent misrepresentation. *Id.* at 1012, 862 P.2d at 1193.

■■■■

To the extent that *Brown* and *Hazelwood* could be read to imply that a casino or its employees have a duty to warn patrons that their conduct is unlawful, we expressly overrule those cases.

In sum, we conclude that neither the Sands nor its employees has a duty to warn patrons that they violate the law when they accept gaming chips without a marker. Therefore, this claim was properly dismissed by summary judgment.

■■■■

As for Vinci's claims that the district court committed reversible error in denying her motion to continue the trial of the trip-and-fall claim and when it excluded all evidence of the gaming incident from her remaining trip-and-fall claim, we first note that Vinci voluntarily stipulated to dismiss her trip-and-fall claim; therefore, the claim was never litigated to a judgment against Vinci. Therefore, Vinci is not entitled to appeal these issues because she is not an aggrieved party. NRAP 3A(a).

Therefore, having considered the above arguments, and all other arguments by Vinci,[3] and concluding that they are without

---

[3]Vinci appears to argue that her negligence theory is also based on the Sands employees' failure to provide Vinci a marker before giving her the gaming chips. Having reviewed the record and the briefs, we conclude that we need not address this issue. *See* Singer v. Chase Manhattan Bank, 111 Nev. 289, 292, 890 P.2d 1305, 1307 (1995) (declining to consider an argument not raised before the district court); *see also* State ex rel. Dept. of Transp. v. Barsy, 113 Nev. 712, 719, 941 P.2d 971, 976 (1997) ("This court need not consider assignments of error that are not supported by relevant legal authority.").

merit, we affirm the order of the district court granting partial summary judgment.[4]

---

[4]The Honorable Robert Rose, Chief Justice, voluntarily recused himself from participation in the decision of this appeal.