Mavis DAVIS, Plaintiff–Appellant,

v.

**UNITED PARCEL SERVICE, INC., Defendant–Appellee.**

No. 05–16272.

United States Court of Appeals, Ninth Circuit.

Submitted April 20, 2007.*

Filed April 24, 2007.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

---

Sharon L. Nelson, Esq., Nelson Law, Las Vegas, NV, for Plaintiff–Appellant.

Catherine Dehlin, Quarles & Brady Streich Lang LLP, Eric B. Johnson, Esq., Pro Hac Vice Firm Renaissance One, Phoenix, AZ, Louis E. Garfinkel, Esq., Levine Garfinkel & Katz, Las Vegas, NV, for Defendant–Appellee.

Before: NOONAN, BYBEE, and M. SMITH, Circuit Judges.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

MEMORANDUM **

Plaintiff–Appellant Mavis Davis ("Appellant") appeals the district court's decision granting Defendant–Appellee United Parcel Service, Inc.'s ("UPS") motion for summary judgment on her Title VII and state law retaliation, state law intentional infliction of emotional distress ("IIED"), and common law negligent supervision, training, and retention claims. The facts and procedural history are familiar to the parties, and we do not repeat them here. We review a district court's decision granting summary judgment de novo. *Lopez v. Smith,* 203 F.3d 1122, 1131 (9th Cir.2000) (en banc). Applying that standard, we affirm the district court's decision granting UPS' motion for summary judgment on all three claims.

■ First, even assuming Appellant's view of the facts, her retaliation claims fail because she has not presented evidence that she engaged in a protected activity; indeed, "[n]o reasonable person could have believed that the [original or later incidents she complained about] violated Title VII's standard." *Clark County Sch. Dist. v. Breeden,* 532 U.S. 268, 270–71, 121 S.Ct. 1508, 149 L.Ed.2d 509 (2001) (per curiam) (holding that no reasonable person could believe a Title VII violation occurred where a supervisor and another male employee—in the female plaintiff's presence—"chuckled" and discussed a statement that a job applicant had once told a co-worker that "I hear making love to you is like making love to the Grand Canyon"); *see also Manatt v. Bank of Am.,* 339 F.3d 792, 800 (9th Cir.2003) (holding that to make a prima facie showing of retaliation under 42 U.S.C. § 2000e–3(a), a plaintiff must present evidence that: (1) "she engaged in a protected activity"; 2) her em-

ployer "subjected her to an adverse employment action"; and 3) "a causal link exists between the protected activity and the adverse action"); *see also Pope v. Motel 6*, 121 Nev. 307, 114 P.3d 277, 281–82 (2005) (noting similarities between Nev. Rev.Stat. § 613.340 and Title VII and relying on Title VII precedents to interpret § 613.340).

■ Second, Appellant's IIED claim fails as a matter of law because she did not present evidence that UPS or any of its employees engaged in "extreme and outrageous conduct with either the intention of, or reckless disregard for, causing emotional distress." *Star v. Rabello*, 97 Nev. 124, 625 P.2d 90, 91–92 (1981). At most, Appellant has merely presented evidence of "occasional acts that are [ ] inconsiderate and unkind." *Maduike v. Agency Rent–A–Car*, 114 Nev. 1, 953 P.2d 24, 26 (1998) (per curiam).

■ Third, Appellant's claims for negligent training, supervision, and retention also fail as a matter of law because the only evidence in the record indicates that UPS' employees were reasonably trained and supervised and that UPS did not act unreasonably in retaining the employees Appellant claims harassed her. *See Vinci v. Las Vegas Sands, Inc.*, 115 Nev. 243, 984 P.2d 750, 751–52 (1999) (per curiam) (addressing the standard for judging negligent training, supervision, and hiring claims); *Hall v. SSF, Inc.*, 112 Nev. 1384, 930 P.2d 94, 99 (1996).

Accordingly, the district court's order granting summary judgment in favor of UPS is **AFFIRMED.**