An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

JASON OWEN SCHRICKER,
Appellant,
vs.
NATALIE JAYNE-SCHRICKER,
Respondent.

No. 61684

**FILED**

JUL 2 4 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is a proper person appeal from a district court divorce decree and from a post-judgment order denying a motion for a new trial. Second Judicial District Court, Family Court Division, Washoe County; Frances Doherty, Judge.

During the divorce proceeding, the parties entered into a settlement agreement providing that respondent would have primary physical custody of their minor child, with appellant having visitation. After a trial on the remaining issues, the district court entered a divorce decree reflecting the parties' custody agreement. Appellant was also ordered to modify or refinance the marital residence's mortgage within 120 days from December 22, 2011, for the purpose of removing all other persons from the loan. If he was unable to do so, the district court ordered the parties to list the marital residence for sale immediately thereafter. The district court also ordered the parties to evenly split the attorney fees and costs, which had mostly been incurred by respondent, on the basis that appellant needlessly increased the costs of the litigation. Appellant filed a motion for a new trial, which the district court denied. This appeal followed.

SUPREME COURT
OF
NEVADA

(O) 1947A

14-24082

On appeal, appellant first argues that the district court should not have awarded respondent primary physical custody of the parties' minor child. Both the parties agreed to the custodial arrangement providing respondent with primary physical custody, and while appellant now argues that he would not agree to the same custody agreement, he never challenged the validity of that agreement in the district court. As appellant agreed to the custody arrangement, he is not aggrieved in regard to this issue, and thus, this issue is not properly before this court. *See Vinci v. Las Vegas Sands, Inc.*, 115 Nev. 243, 246, 984 P.2d 750, 752 (1999) (explaining that when a party enters into an agreement, that party cannot appeal from that agreement because he or she is not an aggrieved party).

Appellant next challenges the district court's order for the parties to evenly split the attorney fees and costs incurred during the divorce proceeding. Because the district court's order regarding attorney fees did not include an amount and required further action by the parties, and because a post-judgment order awarding attorney fees is independently appealable, we lack jurisdiction to consider this issue. *Lee v. GNLV Corp.*, 116 Nev. 424, 426, 996 P.2d 416, 417 (2000) (providing that a post-judgment order awarding attorney fees is appealable as a special order made after final judgment).

Lastly, appellant contends that the district court abused its discretion in ordering the marital residence sold if appellant was unable to refinance or modify the loan. Appellant asserts that the court should have directed respondent's mother, who was a co-signer to the mortgage, to assist him in refinancing or modifying the loan. Appellant's contention is without merit. The district court did not order respondent's mother to

assist appellant because the purpose of the refinancing or modification of the loan was to remove all other persons except appellant from the loan. Thus, we conclude that the district court did not abuse its discretion in directing that the marital residence be listed for sale if appellant was unable to refinance or modify the loan within a specified time.[1] *See Wolff v. Wolff*, 112 Nev. 1355, 1359, 929 P.2d 916, 918-19 (1996) (providing that this court reviews the district court's division of community property for an abuse of discretion). Accordingly, we

ORDER the judgment of the district court AFFIRMED.[2]

_____, J.
Pickering

_____, J.
Parraguirre

_____, J.
Saitta

---

[1]We note that on a limited remand from this court, the district court entered an order enforcing the divorce decree and ordering the sale of the marital residence but retaining jurisdiction to resolve any issues arising from the sale. As the district court is merely enforcing the divorce decree, we have jurisdiction to resolve appellant's challenge to the distribution of the marital residence in the divorce decree. *See Mack-Manley v. Manley*, 122 Nev. 849, 858, 138 P.3d 525, 531-32 (2006) (explaining that the district court retains jurisdiction to enter orders enforcing a divorce decree while an appeal from that divorce decree is pending). Therefore, we deny as moot appellant's February 7, 2014, objection to the district court's order and motion for this court to consider the marital residence issue.

[2]We conclude that appellant's additional arguments lack merit.

 

cc:     Hon. Frances Doherty, District Judge, Family Court Division
Jason Owen Schricker
Natalie Jayne-Schricker
Washoe District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A