**131 Nev., Advance Opinion 82**

# IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| CRISTIE N. ANDERSON, INDIVIDUALLY; AND JAMAAR ANDERSON, Appellants, vs. MANDALAY CORPORATION, A NEVADA CORPORATION D/B/A MANDALAY BAY RESORT AND CASINO, Respondent. | No. 61305 **FILED** OCT 15 2015 TRACIE K. LINDEMAN CLERK OF SUPREME COURT BY_____ CHIEF DEPUTY CLERK |
| CRISTIE N. ANDERSON, INDIVIDUALLY; AND JAMAAR ANDERSON, Appellants/Cross-Respondents, vs. MANDALAY CORPORATION, A NEVADA CORPORATION D/B/A MANDALAY BAY RESORT AND CASINO, Respondent/Cross-Appellant. | No. 61871 |

Consolidated appeals from a district court order granting summary judgment, certified as final under NRCP 54(b), and an order granting, in part, a motion for attorney fees, costs, and interest in a tort action. Eighth Judicial District Court, Clark County; Valerie Adair, Judge.

*Reversed and remanded.*

2/8/16: Corrected per letter to publishers. CJ

15-31341

David T. Wall, Las Vegas; Eglet Prince and Robert T. Eglet, Tracy A. Eglet, and Danielle A. Tarmu, Las Vegas,
for Appellants/Cross-Respondents.

Kravitz, Schnitzer & Johnson, Chtd., and Martin J. Kravitz and Jordan P. Schnitzer, Las Vegas,
for Respondent/Cross-Appellant.

---

BEFORE THE COURT EN BANC.[1]

*OPINION*

By the Court, PARRAGUIRRE, J.:

NRS 41.745(1)(c) makes employers vicariously liable for employees' intentional torts if a plaintiff can show the intentional conduct was "reasonably foreseeable under the facts and circumstances of the case considering the nature and scope of [the employee's] employment." Here, we are asked to determine whether it was reasonably foreseeable that an employee would rape a hotel guest. We are also asked to determine whether the employee's criminal conduct was so unforeseeable that direct negligence claims against the employer would be futile. Based on the particularized facts of this case, which are detailed below, we conclude a reasonable jury could find that the employee's criminal conduct was reasonably foreseeable. Similarly, we conclude direct negligence claims against the employer would not be futile because a reasonable jury might

---

[1]The Honorable Kristina Pickering, Justice, voluntarily recused herself from participation in the decision of this matter.

 

find that the criminal conduct was foreseeable. Accordingly, we reverse and remand.

## FACTS

Cristie Anderson and her husband sued Mandalay Bay Resort and Casino (Mandalay) after Alonzo Monroy Gonzalez, a Mandalay employee, raped Anderson in her hotel room at Mandalay. Anderson and her husband asserted claims against Mandalay for negligent hiring, vicarious liability, and loss of consortium. During discovery, Anderson asked for leave to amend her complaint to add claims for negligent security, retention, and supervision. Mandalay sought summary judgment, and at the summary judgment hearing, Anderson's counsel abandoned all claims except the vicarious liability claim. The district court granted Mandalay's motion for summary judgment, concluding Mandalay was not vicariously liable for Gonzalez's criminal act. The district court also denied, as futile, Anderson's motion to amend her complaint. Anderson timely appealed those decisions.[2]

Anderson came to Las Vegas on September 8, 2008, to attend a trade show on behalf of her employer. She checked into room 8916 at Mandalay. After performing some work-related duties, she and her coworkers went out for dinner and drinks. Anderson became intoxicated and returned to Mandalay around 2 a.m. on September 9, 2008. Surveillance footage shows that she and Gonzalez shared an elevator; both

---

[2]Mandalay filed a notice of cross-appeal seeking attorney fees, costs, and interest from Anderson. However, Mandalay never filed an opening brief on cross-appeal, as required by NRAP 28.1(c)(2), and its answering brief does not set forth its cross-appeal arguments. Therefore, Mandalay has not actually presented this court with a cross-appeal.

exited on the eighth floor. Anderson entered her room, shut the door behind her, and went to sleep.

Later, Anderson woke up vomiting and felt someone wiping her face with a washcloth. She realized a uniformed man, later identified as Gonzalez, was in her room. Gonzalez raped Anderson. He immediately left the room when Anderson oriented herself. Anderson called the front desk, and Mandalay security interviewed Gonzalez after finding him on the eighth floor. He admitted to entering room 8916 but claimed he only entered to sweep up broken glass that was in the hallway and underneath the room's door. Gonzalez later claimed to have had consensual sex with Anderson. Las Vegas Metropolitan Police took over the investigation, and Gonzalez ultimately pleaded guilty to sexual assault.

Gonzalez worked at Mandalay as a House Person, whose principle job duties are to clean the common areas of the hotel and assist in cleaning and serving guest rooms, as needed. A House Person working Gonzalez's shift would have little supervision. Mandalay provided Gonzalez with a keycard that was traceable to him and opened the guest rooms on his assigned floors. On the night in question, floors 8-12 were assigned to him. Gonzalez used that keycard to enter Anderson's room.

Before hiring Gonzalez, Mandalay performed a criminal background check using a social security number he provided. That number was connected to Gonzalez's name and indicated he had no criminal record. Mandalay solicited Gonzalez's employment references and filled out I-9 documents reporting Gonzalez's eligibility to work; however, it is not clear that Mandalay contacted those references and properly updated information on Gonzalez's I-9.

Gonzalez's prior disciplinary history shows that Mandalay suspended him for 31 days after he and two other men were implicated in a series of insulting and threatening comments made over Mandalay's employee radios. The allegations included using the radios to broadcast the sound of toilets flushing, animal noises, and threats to a female supervisor. The threats were "I know where you live Juanita," "I will be waiting for you in the parking garage," and "You are a bitch Juanita and you deserve what you are going to get." Although Mandalay never definitively identified or ruled out Gonzalez as making any threats, it did find that Gonzalez misused employee radios and lied about it.

During district court proceedings, Anderson presented evidence of five prior sexual assaults perpetuated by Mandalay employees on Mandalay's premises. The victims in three of the assaults were guests, and two were other Mandalay employees. Additionally, evidence was presented showing Mandalay received about one report a month claiming an employee entered an occupied room without authorization. Anderson submitted eight Las Vegas Metropolitan Police reports about Mandalay employees stealing from guest rooms during unauthorized entries. Anderson also presented in court comments from travel sites reporting similar problems. Anderson also presented an expert report indicating Mandalay had insufficient security when Gonzalez attacked Anderson, and ongoing security defects created a volatile environment.

Ultimately, the district court granted Mandalay's motion for summary judgment, concluding NRS 41.745(1) and *Wood v. Safeway, Inc.*, 121 Nev. 724, 121 P.3d 1026 (2005), barred vicarious liability against Mandalay because Gonzalez's acts were truly independent, not committed in the course of the very task assigned, and not reasonably foreseeable.

SUPREME COURT
OF
NEVADA

(O) 1947A

The district court also denied as futile Anderson's request for leave to amend.

## DISCUSSION

On appeal, Anderson argues the district court erred in granting Mandalay's motion for summary judgment. Additionally, Anderson argues the district court erred in denying her leave to amend her complaint.

*Mandalay was not entitled to summary judgment*

This court reviews summary judgment rulings de novo. *Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005). Summary judgment is appropriate when the record shows there is no genuine issue of material fact remaining, and the movant is entitled to judgment as a matter of law. *Id.* (citing NRCP 56(c)). Therefore, summary judgment is improper whenever "a reasonable jury could return a verdict for the non-moving party." *Sprague v. Lucky Stores, Inc.*, 109 Nev. 247, 249, 849 P.2d 320, 322 (1993). When reviewing the record, "the evidence, and any reasonable inferences drawn from it, must be viewed in a light most favorable to the nonmoving party." *Wood*, 121 Nev. at 729, 121 P.3d at 1029.

*NRS 41.745(1)(c) sets forth a factual inquiry*

NRS 41.745 makes employers vicariously liable for employees' intentional torts when—among other circumstances—an employee's act is "reasonably foreseeable under the facts and circumstances of the case considering the nature and scope of his or her employment." NRS 41.745(1)(c). Inquiries focused on the facts and circumstances of a case are typically factual, not legal. *See, e.g., Mayfield v. Koroghli*, 124 Nev. 343, 352, 184 P.3d 362, 368 (2008); *Basile v. Union Plaza Hotel & Casino*, 110 Nev. 1382, 1384, 887 P.2d 273, 275 (1994); *see also* 65 C.J.S. *Negligence* § 8

SUPREME COURT
OF
NEVADA

(O) 1947A

6

(2010) (stating that the question of negligence is "determined by a consideration of all the particular set of facts and circumstances").

Further, the Legislature clarified NRS 41.745(1)(c)'s reasonable foreseeability standard, stating the "conduct of an employee is reasonably foreseeable if a person of ordinary intelligence and prudence could have reasonably anticipated the conduct and the probability of injury." NRS 41.745(1)(c). This definition of reasonable foreseeability stems from premises liability cases, Hearing on A.B. 595 Before the Assembly Judiciary Comm., 69th Leg., at 13-14 (Nev., June 19, 1997) (citing *El Dorado Hotel, Inc. v. Brown*, 100 Nev. 622, 627, 691 P.2d 436, 440 (1984), *overruled on other grounds by Vinci v. Las Vegas Sands, Inc.*, 115 Nev. 243, 245, 984 P.2d 750, 751 (1999)), and this court has held its determination presents an issue of fact, *Basile*, 110 Nev. at 1384, 887 P.2d at 275. Therefore, we conclude NRS 41.745(1)(c)'s reasonable foreseeability standard sets forth a factual inquiry.[3]

---

[3]NRS 41.745's legislative history clearly supports this conclusion. The Legislature intended for NRS 41.745(1)(c) to reject this court's conclusion that employers would be liable for the intentional torts of employees when, "'in the context of the particular enterprise[,] an employee's conduct is not so unusual or startling that it would seem unfair to include the loss resulting from it among other costs of the employer's business.'" *State, Dep't of Human Res., Div. of Mental Hygiene & Mental Retardation v. Jimenez*, 113 Nev. 356, 365, 935 P.2d 274, 280 (1997) (emphasis omitted) (quoting *Rogers v. Kemper Constr. Co.*, 124 Cal. Rptr. 143, 148-49 (Ct. App. 1975)), *opinion withdrawn*, 113 Nev. 735, 941 P.2d 969 (1997); *see* Nev. Legis. Counsel Bureau, Research Div., AB595.EN, Bill Summary: A.B. 595-1 (1997), Hearing on A.B. 595 Before the Assembly Judiciary Comm., 69th Leg., at 8-9, 14-15 (Nev., June 19, 1997). The bill's proponents read *Jimenez* as making employers strictly liable for employees' intentional torts, and they believed NRS 41.745(1)(c)'s reasonable foreseeability standard would allow employers to submit the

*continued on next page . . .*

*A reasonable jury could conclude Gonzalez's act was reasonably foreseeable*

Because NRS 41.745(1)(c) presents a factual inquiry, summary judgment is only proper if a reasonable jury could not rule in Anderson's favor. *Sprague*, 109 Nev. at 249, 849 P.2d at 322. More specifically, we must determine whether a reasonable jury could conclude Gonzalez's conduct was "reasonably foreseeable under the facts and circumstances of the case considering the nature and scope of [Gonzalez's] employment." NRS 41.745(1)(c). We conclude a reasonable jury could find that Gonzalez's conduct was reasonably foreseeable; therefore the district court erred in granting Mandalay's motion for summary judgment. *See Wood*, 121 Nev. at 729, 121 P.3d at 1029 (this court reviews summary judgment rulings de novo).

This court has considered reasonable foreseeability under NRS 41.745(1)(c) in only one published case. *See id.* at 739-40, 121 P.3d at 1036-37. In *Wood*, a janitor employed with a cleaning company raped a Safeway employee at the Safeway store where they both worked. *Id.* at 727-28, 121 P.3d at 1028-29. There, the janitor had no criminal history; the employer required proof of identification, checked employment references, and filled out the proper immigration documents; and the employer had no sexual harassment complaints over the last ten years. *Id.* at 740, 121 P.3d at 1037. This court held, as a matter of law, that the janitor's attack was not reasonably foreseeable, and the victim could not

---

*. . . continued*

issue of vicarious liability to a jury. *See* Hearing on A.B. 595 Before the Assembly Judiciary Comm., 69th Leg. 9-10 (Nev., June 19, 1997).



, at J

hold the janitor's employer vicariously liable for his intentional acts under NRS 41.745(1)(c). *Id.*

According to Mandalay, *Wood* demonstrates that Gonzalez's criminal conduct was unforeseeable. We disagree. After viewing the evidence and drawing all reasonable inferences in Anderson's favor, *Wood*, 121 Nev. at 729, 121 P.3d at 1029, we conclude the facts and circumstances here are sufficiently distinguishable from *Wood* for a reasonable jury to determine that Gonzalez's act was reasonably foreseeable under NRS 41.745(1)(c). The janitor in *Wood* was never the subject of a sexual harassment complaint, and his employer had not had a complaint of that nature in the past ten years. *See id.* at 740, 121 P.3d at 1037. Here, however, at least five Mandalay employees had sexually assaulted guests and coworkers before Gonzalez attacked Anderson. Additionally, Mandalay knew employees entrusted with keyed access to occupied rooms abused that access to commit property crimes. Therefore, Mandalay had notice its employees were capable of sexual assault, and some employees abused their keycard access to enter guest rooms without authorization. Moreover, Mandalay suspended Gonzalez for 31 days in response to allegations that he harassed and threatened a female supervisor. After Gonzalez's suspension ended, Mandalay restored his keycard access to occupied rooms and assigned him to a shift with minimal supervision. Considering the prior on-premises attacks, employees' regular keycard abuse, Gonzalez's disciplinary history, and Mandalay's decision to provide Gonzalez keyed access to guest rooms with minimal supervision, a reasonable jury could conclude it was foreseeable that Gonzalez would abuse his keycard access to sexually assault a Mandalay guest.

Mandalay contends that no other state would hold it vicariously liable for Gonzalez's act because that act could not have fallen within the scope of his employment. This argument lacks merit for two reasons. First, this argument mischaracterizes the relevant inquiry. Generally, an employer is only liable for the intentional torts committed within the scope of employment. *See* 27 Am. Jur. 2d *Employment Relationship* § 356; Restatement (Second) of Agency § 219(1) (2010). Reasonable foreseeability is often one of several considerations courts use to determine whether an intentional tort was within the scope of employment. *See* Restatement (Second) of Agency §§ 228(1)(d), 229(2)(f) (2010); *see also State, Dep't of Admin. v. Schallock*, 941 P.2d 1275, 1282-84 (Ariz. 1997); *Sage Club v. Hunt*, 638 P.2d 161, 162-63 (Wyo. 1981). Conversely, NRS 41.745(1) does not contain an overarching "scope of employment" inquiry. Instead, NRS 41.745(1) promulgates three distinct circumstances in which an employer is liable for an employee's intentional tort: (1) the employee's act was not "a truly independent venture," (2) the employee acted "in the course of the very task assigned," or (3) the employee's act was "reasonably foreseeable under the facts and circumstances of the case considering the nature and scope of his or her employment." Therefore, Nevada will hold an employer vicariously liable for an employee's intentional tort—even though it was outside the scope of employment—if that intentional tort was "reasonably foreseeable under the facts and circumstances of the case considering the nature and scope of his or her employment." NRS 41.745(1)(c).

Second, other jurisdictions have concluded that sexual assault can be reasonably foreseeable, either as part of a vicarious liability inquiry or a direct negligence inquiry. For example, the Arizona Supreme Court

SUPREME COURT
OF
NEVADA

(O) 1947A

10

concluded a jury might properly find it was reasonably foreseeable that one employee would rape another because the accused had a history of sexually harassing female coworkers. *Schallock*, 941 P.2d at 1282-83 ("One can hardly be surprised when sexual harassment that has occurred for years continues."). North Dakota's Supreme Court similarly concluded a jury could find it was reasonably foreseeable that a social worker would sexually abuse a minor in foster care because such abuse was not uncommon. *Nelson v. Gillette*, 571 N.W.2d 332, 341-42 (N.D. 1997). New Mexico's Court of Appeals concluded a jury might find a sexual assault was reasonably foreseeable in a negligence action simply because the employer knew the employee abused alcohol and became violent when drinking. *Pittard v. Four Seasons Motor Inn, Inc.*, 688 P.2d 333, 341 (N.M. Ct. App. 1984). Thus, sexual assault is not unforeseeable, per se, and Nevada is not alone in allowing juries to determine whether the facts and circumstances of a case show that an employee's tortious conduct was reasonably foreseeable. Considering the facts and circumstances here, a reasonable jury could conclude Gonzalez's act was reasonably foreseeable.

*The district court erred in concluding it would be futile for Anderson to amend her complaint*

The district court denied as futile Anderson's motion for leave to amend her complaint because it believed Anderson's claims for negligent security, retention, and supervision could not succeed. We disagree. Although we generally review a district court's decision on a motion for leave to amend for abuse of discretion, *Whealon v. Sterling*, 121 Nev. 662, 665, 119 P.3d 1241, 1244 (2005), futility is a question of law reviewed de novo because it is essentially an NRCP 12(b)(5) inquiry, asking whether the plaintiff could plead facts that would entitle her to relief. *See Buzz Stew, LLC v. City of N. Las Vegas*, 124 Nev. 224, 227-28,

181 P.3d 670, 672 (2008); *see also Sanford v. MemberWorks, Inc.*, 625 F.3d 550, 557 (9th Cir. 2010) ("Where, as here, the district court denies leave to amend on futility grounds, we will uphold such denial if it is clear, upon *de novo* review, that the complaint would not be saved by any amendment." (internal quotation marks omitted)).

Because we hold that a reasonable jury could conclude Gonzalez's attack was foreseeable, Anderson's proposed amendments are not futile. Although unlawful conduct can interrupt and supersede the causation between a negligent act and injury, an unlawful act will not supersede causation if it was foreseeable. *Bower v. Harrah's Laughlin, Inc.*, 125 Nev. 470, 491-92, 215 P.3d 709, 724-25 (2009). Here, we have already concluded a reasonable jury could find that Gonzalez's act was reasonably foreseeable; therefore, amendment would not be futile.

Additionally, the district court erroneously relied on NRS 651.015 in concluding that Anderson's negligent security claim was futile. That statute, titled "Civil liability of innkeepers for death or injury of person on premises *caused by person who is not employee*," expressly applies only when the injury is caused by a "person who is not an employee under the control or supervision of the owner or keeper." NRS 651.015(1), (2) (emphasis added). Because Gonzalez was Mandalay's employee, the district court erred in relying on NRS 651.015 at all.

## CONCLUSION

We conclude that NRS 41.745(1)(c) sets forth a factual inquiry, and a reasonable jury could find that Gonzalez's conduct was "reasonably

SUPREME COURT
OF
NEVADA

(O) 1947A

12

foreseeable under the facts and circumstances of the case considering the nature and scope of his . . . employment." NRS 41.745(1)(c). Therefore, the district court erred in granting Mandalay's motion for summary judgment. The district court also erred in holding that it would be futile for Anderson to amend her complaint to include claims for negligent security, retention, and supervision because Gonzalez's criminal conduct may not have been a superseding cause, and NRS 651.015 does not apply here. Accordingly, we reverse the district court's order granting Mandalay's motion for summary judgment and denying Anderson's motion for leave to amend, and we remand this matter to the district court for further proceedings.

_____, J.
Parraguirre

We concur:

_____, C.J.
Hardesty

_____, J.
Douglas

_____, J.
Cherry

_____, J.
Saitta

_____, J.
Gibbons

SUPREME COURT
OF
NEVADA

(O) 1947A