# IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| HOA CAPITAL ADVISORS, LLC,<br>Appellant,<br>vs.<br>BANK OF AMERICA, N.A., A SUCCESSOR BY MERGER TO BAC HOME LOANS SERVICING, LP, F/K/A COUNTRYWIDE HOME LOANS SERVICING LP,<br>Respondent. | No. 75726<br><br>**FILED**<br><br>JAN 3 1 2019<br><br>ELIZABETH A. BROWN<br>CLERK OF SUPREME COURT<br>BY<br>DEPUTY CLERK |

## ORDER DISMISSING APPEAL

This is an appeal from a district court order granting a motion for summary judgment in consolidated district court cases. Eighth Judicial District Court, Clark County; Jerry A. Wiese, Judge.

This court previously issued an order directing appellant to show cause why this appeal should not be dismissed for lack of jurisdiction. It appeared that the order was not appealable as a final judgment under NRAP 3A(b)(1) because claims remained pending in the district court in each of the consolidated cases. *See Lee v. GNLV Corp.*, 116 Nev. 424, 426, 996 P.2d 416, 417 (2000) (defining a final judgment). It also appeared that a May 21, 2018, order purporting to certify an April 26, 2018, order as final under NRCP 54(b) was invalid because no order was entered in the district court on April 26, 2018. To the extent the order intended to certify the March 26, 2018, order as final, that order did not appear to be amenable to certification because it did not completely remove either appellant or respondent from the district court proceedings. *See* NRCP 54(b); *Mallin v. Farmers Ins. Exch.*, 106 Nev. 606, 610-11, 797 P.2d 978, 981-82 (1990).

19-04940

Appellant agreed that claims remained pending in the district court and requested additional time to respond to the order to show cause. Appellant then submitted a copy of a district court order resolving all of the claims in one of the two consolidated cases. Appellant did not address the claims remaining in the other consolidated case. Accordingly, this court again ordered appellant to show cause why this appeal should not be dismissed for lack of jurisdiction because it appeared that claims still remained pending in the district court. In response to the second order to show cause, appellant points to the May 21, 2018, certification order and asserts that jurisdiction is proper.

Since issuance of the orders to show cause, this court overruled precedent requiring that all claims in consolidated district court cases be resolved before a judgment is considered final; resolution of all claims in one of two consolidated cases now constitutes a final judgment. *In re Estate of Sarge*, 134 Nev., Adv. Op. 105, ___ P.3d ___ (2018). Nevertheless, it still appears that the district court has not entered an appealable order in either constituent case.

The final judgment in case A-17-758669 was entered pursuant to a stipulation to dismiss claims. Thus, appellant is not aggrieved by that judgment and may not appeal. *See* NRAP 3A(a) (allowing an appeal by an aggrieved party); *Vinci v. Las Vegas Sands, Inc.*, 115 Nev. 243, 984 P.2d 750 (1999) (indicating that a party is not aggrieved where that party voluntarily stipulated to dismiss a claim).

It appears, and appellant does not dispute, that appellant's claims against G-Tech-1, respondent's unjust enrichment claims, and appellant's cross-claims in case A-15-723272 remain pending in the district court. The May 21, 2018, order certifies an April 26, 2018, order as final.

But as previously explained, no order was entered by the district court on that date. To the extent the May 21, 2018, order intended to certify the March 26, 2018, order as final, the certification is improper because claims involving both appellant and respondent remain pending in the district court. *See* NRCP 54(b) and Drafter's Note—2004 Amendment.

Accordingly, appellant fails to demonstrate that the district court has entered a final judgment appealable under NRAP 3A(b)(1) in case A-15-723272. And no other statute or court rule appears to authorize an appeal from the challenged order. *See Brown v. MHC Stagecoach*, 129 Nev. 343, 345, 301 P.3d 850, 851 (2013). This court thus concludes that it lacks jurisdiction, and

ORDERS this appeal DISMISSED.

_____, J.
Pickering

_____, J.
Parraguirre

_____, J.
Cadish

cc:   Hon. Jerry A. Wiese, District Judge
Noggle Law PLLC
Akerman LLP/Las Vegas
Eighth District Court Clerk

