# IN THE SUPREME COURT OF THE STATE OF NEVADA

MINERVA VASQUEZ-MONTANO, AN INDIVIDUAL; AND GIOVANNI JIMENEZ, AN INDIVIDUAL,
Appellants,
vs.
CEMEX CONSTRUCTION MATERIALS PACIFIC, LLC,
Respondent.

No. 82687

FILED

SEP 09 2021

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

## ORDER DISMISSING APPEAL

This is an appeal from a district court order dismissing appellant's complaint with prejudice. Second Judicial District Court, Washoe County; Egan K. Walker, Judge. Initial review of the docketing statement and documents before this court revealed a potential jurisdictional defect. It appeared that appellants may not be aggrieved by the challenged order such that they have standing to appeal. *See* NRAP 3A(a) (allowing an appeal to be filed by an aggrieved party).

"A party is 'aggrieved' within the meaning of NRAP 3A(a) when either a personal right or right of property is adversely and substantially affected by a district court's ruling." *Valley Bank of Nevada v. Ginsburg,* 110 Nev. 440, 446, 874 P.2d 729, 734 (1994) (internal quotation marks omitted). Appellants' docketing statement indicated that the issue on appeal is whether the district court erred by dismissing the action without ruling on a pending issue regarding sanctions. Respondent moved the district court to dismiss appellants' complaint and the civil action with prejudice. The motion to dismiss did not request that the pending sanctions

21-26139

issue be resolved before dismissal or within the order of dismissal, and noted that after dismissal, the district court still has jurisdiction to consider the pending motion for sanctions. Appellants filed a non-opposition stating that they did not oppose the motion for dismissal. Under these circumstances, it appeared that appellants may have agreed to the dismissal of their complaint without first resolving the pending sanctions issue. Accordingly, this court ordered appellants to show cause why this appeal should not be dismissed for lack of jurisdiction.

In response, appellants agree they are not aggrieved by the dismissal of their complaint. Appellants reiterate that they challenge the district court's failure to address the sanctions issue. They note that after the dismissal, the district court took a hearing regarding the sanctions off the calendar. Appellants seem to assert that they are aggrieved because they did not agree to the mooting or dismissal of the sanctions issue as part of the dismissal. Respondent has filed a reply.

Appellants are not aggrieved by the district court's order of dismissal where (1) respondent's motion to dismiss did not request that the pending sanctions issue be resolved before the dismissal or within the order of dismissal, (2) the motion noted that after dismissal the district court still had jurisdiction to consider the pending motion for sanctions, and (3) appellants filed a non-opposition to the motion to dismiss. *Cf. Vinci v. Las Vegas Sands*, 115 Nev. 243, 984 P.2d 750 (1999) (indicating that when a party stipulates to the entry of an order, that person cannot later attack the order as adversely affecting that party's rights). To the extent appellants challenge the district court's subsequent decision to take the sanctions issue off calendar or its failure to resolve the sanctions issue, that decision is not

subject to review in the context of the appeal from the order of dismissal. Accordingly, this court lacks jurisdiction and

ORDERS this appeal DISMISSED.[1]



_____, J.
Parraguirre

_____, J.
Stiglich

_____, J.
Silver

cc: Hon. Egan K. Walker, District Judge
Laurie A. Yott, Settlement Judge
Coulter Harsh Law
Lemons, Grundy & Eisenberg
Lewis Brisbois Bisaard & Smith LLC/Reno
Washoe District Court Clerk

---

[1]Respondent's request to sanction appellants for filing a frivolous appeal is denied.