## McCann, Appellant, *v.* Gordon, Secretary of Banking.

Argued April 17, 1934.   Before FRAZER, C. J., SIMPSON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*Ralph B. Umsted,* with him *Howard M. Kuehner,* for appellant.

*L. W. Harris,* of *Herman & Harris,* for appellee, was not heard.

Per Curiam, May 21, 1934:

Plaintiff appeals from refusal of the court below to take off a nonsuit entered in an action of trespass to recover damages from defendant, her landlord, for injuries resulting from a fall upon the floor of premises leased by her in the Barker Building, Philadelphia, for the purpose of conducting a hair-dressing establishment. Our careful perusal of the record confirms the opinion of the trial judge that no competent evidence of negligence was produced sufficient to warrant submitting the case to the jury. The most that can be said of plaintiff's testimony is that it indicates the floor of her shop had been freshly waxed, and that in walking across it she slipped and fell, sustaining the injuries complained of. There was nothing to show with any certainty how long before the accident the waxing was done, nor was there any evidence of the manner of its application or the method used to polish the surface thus treated. There was no testimony in the case to show that the floor had been waxed in a negligent manner or that it was left in any different condition in this instance than on previous occasions. Plaintiff and her sole witness, a helper in the beauty parlor, testified the wax was "thick and smeary" at the spot plaintiff fell, but their testimony also indicated it was smeary in other parts of the room, and there was nothing to show such an unusual or dangerous situation as to charge defendant with liability. It is a matter of common knowledge that a freshly waxed floor is slippery, but where no fault of the owner of the premises or his servant is shown, a jury must not be permitted to guess as to the cause of the accident. See Diver v. Singer Mfg. Co., 205 Pa. 170; Spickernagle v. Woolworth, 236 Pa. 496; Dimarco v. Cupp Grocery Co., 88 Pa. Superior Ct. 449.

The order refusing to take off the nonsuit is affirmed.