ISABEL BLESSING, PLAINTIFF-RESPONDENT, v. DAVID GOODMAN, DOING BUSINESS AS THE RIDGEWOOD CORSET SHOP, DEFENDANT-APPELLANT.

Submitted January 20, 1948—Decided July 14, 1948.

Before CASE, CHIEF JUSTICE, and Justice BURLING.

For the plaintiff-respondent, *Doughty & Dwyer* (*Michael A. Dwyer,* of counsel).

For the defendant-appellant, *Wilbur A. Stevens.*

The opinion of the court was delivered by

BURLING, J. This is an appeal from a judgment entered against the defendant in the Bergen County Court of Common Pleas upon the verdict of a jury in favor of plaintiff in the amount of $500. It is pertinent to remark that this case has previously been before the Court of Errors and Appeals at which time that court reversed a judgment for the plaintiff because of misquotation of testimony made by the trial court in its charge to the jury. *Blessing* v. *Goodman* (*Court of Errors and Appeals,* 1945), 133 *N. J. L.* 608.

Having considered all of the grounds of appeal urged by appellant, we consider that the sole point worthy of discussion is that raised by the refusal of the trial court to grant a nonsuit or direct a verdict in favor of the defendant.

The gravamen of the complaint is alleged actionable negligence in that the floor of the defendant's store, in which plaintiff entered as a business invitee was maintained in an unsafe condition, the complaint stating:

"That the negligence of the defendant consisted in that he did maintain the floor of the premises in an unsafe condition by allowing a great quantity of wax to remain thereon and permitted it to remain thereon for some time prior thereto, thus endangering the safety of the customers and invitees on said premises, and failed to take the necessary precaution to make said premises reasonably safe, both at the time of the accident and for a considerable period prior thereto."

It is well established that on a motion for a nonsuit the defendant admits the truth of the plaintiff's evidence and of every favorable inference to be deduced therefrom, but denies its sufficiency in law. Where in a trial of an action there are no disputed facts or no disputed inferences to be drawn from the undisputed facts, it devolves upon the court to declare the judgment which the law imposes.

The proprietor of a store is under a duty to exercise ordinary care to render the premises reasonably safe for its customers.

Applying these principles to the instant case, it appears there was no evidence in this case which would warrant a finding that the defendant violated such duty. At the trial testimony was presented from which the following facts might have been found as the most favorable to the plaintiff: The plaintiff slipped while crossing the floor and was injured. At the trial she testified the floor was "very slippery," "very highly polished" and "very much waxed." She also adduced the testimony of Susan B. Conner, a customer, that two or three hours previous to this accident she saw a salesgirl employed by defendant, slip on the same floor and at that time she saw "a highly polished floor" on which the girl had slipped. Mrs. Conner likewise testified that this floor was "very slippery" and covered with "wax, highly waxed;" that she observed it and tested it by her foot.

There is no inference of negligence from the mere oiling or waxing of a floor. In order that negligence can be inferred from the fact of oiling or waxing a floor, it must appear that either in the nature or quantity of the substance used, or in the manner or time of its application, there was a departure from the normal or generally accepted standards so as to create a hazard, of a tortious character, for the users of the premises. The danger must be within the realm of reasonable prevision, and therefore to be guarded against. *Coyne* v. *Mutual Grocery Co., Inc.* (*Supreme Court*, 1935), 116 *N. J. L.* 36; *Abt* v. *Leeds & Lippincott Co.* (*Court of Errors and Appeals*, 1932), 109 *Id.* 311; *Shipp* v. *Thirty-second St. Corp.* (*Court of Errors and Appeals*, 1943), 130 *Id.* 518. The mere fact that a person falls upon a floor does not raise any inference that the fall was caused by the proprietor's negligence. *Abt* v. *Leeds & Lippincott Co., supra; Garland* v. *Furst Stores* (*Court of Errors and Appeals*, 1919), 93 *Id.* 127.

The proofs in this case did not show a deviation from the normal standard of condition of such floors. There was an obvious dearth of evidence of the presence of "a great quantity of wax" referred to in the complaint. A material variance existed between the *allegata* and the *probata*. The trial court should have ruled as a matter of law that the proof submitted did not disclose actionable negligence on the part of the defendant, consequently was in error in refusing to grant a nonsuit and in refusing to direct a verdict. No evidence was introduced by the defendant. The judgment of the Bergen County Court of Common Pleas is reversed.