JOSEPH R. WILSON AND BEULAH WILSON, HIS WIFE, APPELLANTS, *v.* WALTER F. PAYNE AND THEO PAYNE, HIS WIFE, ALSO KNOWN AS MRS. WALTER F. PAYNE, DOING BUSINESS AS MA RUE BEAUTY AND SLENDERIZING STUDIO, RESPONDENTS.

No. 4003

October 2, 1958.                    330 P.2d 120.

*Woodburn, Forman, Wedge, Blakey, and Thompson,* of Reno, for Appellants.

*Vargas, Dillon and Bartlett,* of Reno, for Respondents.

## OPINION

By the Court, EATHER, J.:

Plaintiffs appeal from involuntary dismissal of this action ordered by the trial court under Rule 41(b) NRCP. The order was entered after plaintiffs had completed presentation of their evidence upon trial. It was based upon the ground that plaintiffs had failed to prove a sufficient case for the jury. The sole question upon appeal is whether, upon the evidence presented, dismissal upon this ground was proper.

The action is for personal injuries sustained by Beulah Wilson due to the alleged negligence of defendants. The injuries were sustained at the beauty parlor operated by defendants.

Mrs. Wilson was dressed for treatment in the uniform provided by defendants, including wool socks. In stocking feet she slipped on the floor and fell. The alleged negligence lay in the fact that the floor was waxed or polished. Evidence was presented from which it would appear or could be inferred that defendant Theo Payne knew or should have known that the floor was waxed

and that she had been warned by an employee that a waxed floor was dangerous to her customers wearing wool socks.

Upon this appeal defendants support the action of the trial court upon the basis that the waxing and polishing of floors has become such a standardized manner of maintenance that it cannot be held to constitute negligence in the absence of proof that faulty materials were used or that the materials were negligently applied.

This cannot be said to be true in every case, however. It must depend, among other factors, upon the use to which the floors are to be put. In this case it was available to the jury to determine that the waxing or polishing of floors which are to be used by persons in stocking feet is unsafe and, under the circumstances, might constitute negligence.

Defendants also assert that plaintiff was guilty of contributory negligence. Upon the record, however, this also remained a question for the jury as a proposition upon which reasonable minds might well differ.

We conclude that a sufficient case for the jury had been made by the plaintiffs and that involuntary dismissal was error.

Reversed and remanded for new trial.

BADT, C. J., and MERRILL, J., concur.