MADELINE ASMUSSEN, APPELLANT, *v.* NEW GOLDEN HOTEL COMPANY, RESPONDENT.

No. 4706

May 13, 1964                                                        392 P.2d 49

*Nada Novakovich,* of Reno, for Appellant.

*Vargas, Dillon, Bartlett & Dixon* and *Alex. A. Garroway,* of Reno, for Respondent.

## OPINION

By the Court, Thompson, J.:

In this case Mrs. Asmussen (plaintiff-appellant) slipped and fell on a waxed linoleum floor. At the close of the case the trial court directed a verdict for the New Golden Hotel Company (defendant-respondent). NRCP 50(a). The judge apparently believed that a finding of liability was precluded as a matter of law. We agree, and affirm the judgment.

The facts are undisputed. On January 13, 1962 Mrs. Asmussen, an invited guest of the hotel, stepped from the elevator onto the hotel lobby floor. Her right foot slipped from under her. She fell to the floor and was injured. While on the floor she saw that the linoleum "was very heavily waxed, the wax lying on top rather than being buffed in." No wax rubbed off on her clothes. About a yard away was a mark approximately a foot and a half long and an inch and a half wide, where the wax had been disturbed. She does not claim to have caused that mark. She did not notice the heavily waxed floor before she fell. Such is the story of the occurrence as related by her. No other evidence was offered on the issue of liability. The defendant chose to rest without introducing any evidence. The record does not show who waxed the floor, what materials were used, when the waxing was done, nor the manner or method used in applying it to the floor surface.

Of course a proprietor owes his invited guests a duty to keep the premises in a reasonably safe condition for use—the duty of ordinary care. The experience of mankind demands that the illusory standard of ordinary care be applied in a reasonable fashion, and courts generally have done so. Thus we perceive a clear distinction in the law between a "slip and fall" caused by litter, debris, (Wagon Wheel v. Mavrogan, 78 Nev. 126, 369 P.2d 688; Eldorado Club v. Graff, 78 Nev. 507, 377 P.2d 174), water (Worth v. Reed, 79 Nev. 351, 384 P.2d 1017), or some other foreign substance upon a floor, and the case now before us. The presence of a foreign substance on a floor generally is not compatible with the standard of ordinary care. If one slips and falls because of it, liability may be found if the condition was created by the proprietor or his agent or, if created by another, the proprietor had actual or constructive notice of its existence. This is not true when a court is called upon to judge the legal consequences flowing from a slip and fall upon a waxed floor. It has long been established that the waxing of floors is compatible with the legal standard of ordinary care. Annot., 63 A.L.R.2d 591. An owner in treating a floor may use wax without incurring liability to one who slips and falls, unless he is negligent in the materials he uses or in the manner of applying them. Bonawitt v. Sisters of Charity of St. Vincent's Hospital, 43 Ohio App. 347, 182 N.E. 661.[1]

Here, as in Bonawitt, the record does not show the material used nor the manner of its application. We are asked to infer a basis for liability from the mere observation of the plaintiff that the floor was heavily waxed and not buffed in. It would be manifestly wrong to allow a jury to infer that an improper wax was used when the record is silent on the point. For the same reason the

[1]Cf. Wilson v. Payne, 74 Nev. 312, 330 P.2d 120, where this court reversed a Rule 41(b) dismissal. Though the record did not show that the wax had been negligently applied, the court held that the jury should have been allowed to decide whether a waxed floor was dangerous to a customer who was wearing wool socks provided by the defendant for a "slenderizing" treatment.

fact finder should not be permitted to speculate that the wax used should have been buffed, rubbed or polished. We do not know whether buffing, rubbing or polishing increases slipperiness, or lessens it; whether it is for beautification or safety. Nor would jurors be expected to have such knowledge. We therefore conclude that it is impermissible to infer that an unbuffed waxed floor is dangerously slippery. To do so would effectively destroy the requirement that a claimant show either that the proprietor was negligent in the material used or in the manner of applying it. The following cases support our view: Barnes v. Hotel O. Henry Corporation, 229 N.C. 730, 51 S.E.2d 180; Blessing v. Goodman, 137 N.J.L. 395, 60 A.2d 69; Bonawitt v. Sisters of Charity of St. Vincent's Hospital, supra; McCann v. Gordon, 315 Pa. 367, 172 A. 644. We acknowledge that some cases may be read to support a contrary view, but choose not to follow them.

Affirmed.

BADT, C. J., and McNAMEE, J., concur.