NORMAN SPRAGUE AND RITA SPRAGUE, Appellants, v. LUCKY STORES, INC., a Nevada Corporation, dba LUCKY SUPERMARKET #734, Respondent.

No. 22617

March 24, 1993                                          849 P.2d 320

*Kelly H. Swanson* and *John Brannelly,* Las Vegas, for Appellants.

*Beckley, Singleton, DeLanoy, Jemison & List* and *Daniel F. Polsenberg* and *Kwasi Nyamekye,* Las Vegas, for Respondent.

---

[3]The Honorable Miriam Shearing, Justice, did not participate in the decision of this matter.

## OPINION

*Per Curiam:*

Appellant Norman Sprague[1] (Sprague) claims to have slipped and fallen on a grape in the produce section of respondent Lucky Supermarket (Lucky). Sprague brought suit for injuries sustained in the fall, and Lucky subsequently filed a motion for summary

---

[1]Norman Sprague's wife, Rita Sprague, is also a party to this lawsuit, but her action is derivative of her husband's. Accordingly, we address only Norman Sprague's claim.

judgment, which the district court granted. We hold that material issues of fact exist as to whether: (1) there was a continual build-up of debris on Lucky's produce department floor; (2) the existence of such debris put Lucky on constructive notice that a hazardous condition could exist on the floor at any time; and (3) Lucky unreasonably failed to implement any device, such as skid mats, to counter the continuous spill of produce. We therefore reverse the district court's order granting summary judgment.

## FACTS

Sprague slipped and fell in the produce section of Lucky, sustaining serious personal injuries. Found next to Sprague's supine body was a half-smashed grape. Sprague filed suit against Lucky for personal injuries sustained in the fall, and Lucky moved for summary judgment.

In connection with the summary judgment motion, deposition testimony was introduced before the district court that Lucky's produce section is a virtually continual hazard. One Lucky employee testified that customers frequently dig through the produce and drop it on the floor, that during each shift he finds debris on the floor thirty to forty times, and that he must be vigilant to pick up the fallen produce. He testified that he sweeps the produce section six or seven times per hour because people drop produce "all over the floor." This is in addition to regular sweeps of the entire store, including the produce section. Lucky's store manager testified that the produce department is "a fairly high-risk department to have debris on the floor." Because of the hazard of produce on the floor, all employees in Lucky's produce department were instructed to always keep an eye open for debris on the floor.

The district court granted Lucky's summary judgment motion, finding that Sprague had shown neither that Lucky was responsible for the grape's presence on the floor nor that Lucky had actual or constructive knowledge of the grape's presence on the floor. Sprague appeals the order granting summary judgment.

## DISCUSSION

Summary judgment is appropriate only when no genuine issue of fact remains for trial and the moving party is entitled to judgment as a matter of law. Butler v. Bogdanovich, 101 Nev. 449, 451, 705 P.2d 662, 663 (1985). Accordingly, a district court may not grant summary judgment if a reasonable jury could return a verdict for the non-moving party. Oehler v. Humana, Inc., 105 Nev. 348, 350, 775 P.2d 1271, 1272 (1987). On

appeal, the reviewing court must view the pleadings and evidence in the light most favorable to the party against whom summary judgment is sought. Oak Grove Inv. v. Bell & Gosset Co., 99 Nev. 616, 623, 668 P.2d 1075, 1079 (1983). However, the non-moving party must, by affidavit or otherwise, set forth specific facts demonstrating the existence of a genuine issue for trial or have summary judgment entered against him. Collins v. Union Fed. Savings & Loan, 99 Nev. 284, 294, 662 P.2d 610, 618-19 (1983). The non-moving party's documentation must be admissible evidence, and he or she "is not entitled to build a case on the gossamer threads of whimsy, speculation and conjecture." *Id.* at 302, 662 P.2d at 621 (quoting Hahn v. Sargent, 523 F.2d 461, 467 (1st Cir. 1975), *cert. denied,* 425 U.S. 904 (1976)). Trial judges are to exercise great caution in granting summary judgment, which is not to be granted if there is the slightest doubt as to the operative facts. Mullis v. Nevada National Bank, 98 Nev. 510, 512, 654 P.2d 533, 535 (1982).

The owner or occupant of property is not an insurer of the safety of a person on the premises, and in the absence of negligence, no liability lies. Gunlock v. New Frontier Hotel, 78 Nev. 182, 185, 370 P.2d 682, 684 (1962). An accident occurring on the premises does not of itself establish negligence. *Id.* Yet, a business owes its patrons a duty to keep the premises in a reasonably safe condition for use. Asmussen v. New Golden Hotel Co., 80 Nev. 260, 262, 392 P.2d 49 (1964). Where a foreign substance on the floor causes a patron to slip and fall, and the business owner or one of its agents caused the substance to be on the floor, liability will lie, as a foreign substance on the floor is usually not consistent with the standard of ordinary care. *Id.* at 262, 370 P.2d at 50; Eldorado Club, Inc. v. Graff, 78 Nev. 507, 509, 377 P.2d 174, 175 (1962). Where the foreign substance is the result of the actions of persons other than the business or its employees, liability will lie only if the business had actual or constructive notice of the condition and failed to remedy it. *Asmussen,* 80 Nev. at 262, 392 P.2d at 50; *Eldorado Club,* 78 Nev. at 510, 377 P.2d at 175.

Sprague offered no evidence before the district court suggesting Lucky was responsible for the grape's presence on the floor or suggesting Lucky had actual notice of the grape's presence on the floor. Accordingly, Sprague was required to offer proof that Lucky had constructive notice of the hazardous condition in its produce department.

Whether Lucky was under constructive notice of the hazardous condition is, in accordance with the general rule, a question of fact properly left for the jury. *See* 2 Norman J. Landau, Edward C. Martin & Michael R. Thomas, Premises Liability: Law and

Practice §§ 8A.03[2], 8A.03[3] (1992). Based on the deposition testimony presented to the district court, a reasonable jury could have found that Lucky knew that produce was frequently on the floor, that this produce created a hazard to shoppers, and that sweeping the floor could not wholly keep the floor free of debris. A reasonable jury could have determined that the virtually continual debris on the produce department floor put Lucky on constructive notice that, at any time, a hazardous condition might exist which would result in an injury to Lucky customers. We conclude the district court erred in denying Sprague the right to have these factual issues decided by a jury or other finder of fact.

Even without a finding of constructive notice, a jury could conclude that Lucky should have recognized the impossibility of keeping the produce section clean by sweeping. Sufficient evidence was presented before the district court to justify a reasonable jury in concluding that Lucky was negligent in not taking further precautions, besides sweeping, to diminish the chronic hazard posed by the produce department floor. *See* Joynt v. California Hotel & Casino, 108 Nev. 539, 542, 835 P.2d 799, 801 (1992) ("questions of negligence . . . are generally questions of fact"). Evidence was also presented that Lucky had knowledge of the availability of skid mats which would minimize the risk to shoppers of slipping and injuring themselves. From the deposition testimony presented to the district court, material issues of fact arose as to whether Lucky failed to use reasonable care in not placing skid mats in the produce area, given Lucky's knowledge of the continual build-up of debris and knowledge that no amount of cleaning could rid the floor of all of it. These factual determinations were not proper for summary adjudication.

We conclude that material issues of fact exist as to whether: (1) there was a continual build-up of debris on Lucky's produce department floor; (2) Lucky, because of the debris, had constructive notice that a hazardous condition might exist at any given time; and (3) Lucky failed to exercise reasonable care in not providing skid mats to counter the continuous spillage of produce. Therefore, the district court erred in granting summary judgment. We have also carefully considered Sprague's other contentions of error, and we conclude they are without merit. Accordingly, we reverse the order granting summary judgment and remand this case to the district court for trial.[2]

---

[2]The Honorable Charles E. Springer, Justice, voluntarily recused himself from participation in the decision of this appeal.

The Honorable Miriam Shearing, Justice, did not participate in the decision of this appeal.