**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MONICA WILLIAMS-HARVEST, | No. 11-17324 |
| Plaintiff - Appellant, | D.C. No. 2:10-cv-01956-JCM-RJJ |
| v. | |
| WAL-MART STORES, INC., DBA Wal-Mart Supercenter Store No. 2592, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the District of Nevada
James C. Mahan, District Judge, Presiding

Submitted February 11, 2013[**]

Before:    FERNANDEZ, TASHIMA, and WARDLAW, Circuit Judges.

Monica Williams-Harvest appeals pro se from the district court's summary

judgment for defendant Wal-Mart Stores, Inc. ("Wal-Mart") in her diversity action

arising from a slip and fall at a North Las Vegas supermarket. We have

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

jurisdiction under 28 U.S.C. § 1291. We review de novo, and may affirm on any basis supported by the record. *Video Software Dealers Ass'n v. Schwarzenegger*, 556 F.3d 950, 956 (9th Cir. 2009). We affirm.

Summary judgment for Wal-Mart was proper because Williams-Harvest failed to raise a genuine dispute of material fact as to whether Wal-Mart Store No. 2592 had actual or constructive notice of a slippery area of the floor, *see Sprague v. Lucky Stores, Inc.*, 849 P.2d 320, 322-23 (Nev. 1993) (per curiam), or whether the area where she fell was so foreseeably dangerous that Wal-Mart's regular safety sweeps were insufficient, *see FGA, Inc. v. Giglio*, 278 P.3d 490, 496-97 (Nev. 2012).

**AFFIRMED.**