
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

ABBY RIOS,

          Plaintiff-Appellant,

v.

WALMART INC.,

          Defendant-Appellee.

Nos. 16-16875
      17-15476

D.C. No.
2:11-cv-01592-KJD-GWF

MEMORANDUM[*]

Appeals from the United States District Court
for the District of Nevada
Kent J. Dawson, District Judge, Presiding

Argued and Submitted October 17, 2018, as to No. 16-16875
Submitted October 17, 2018, as to No. 17-15476[**]
San Francisco, California

Before: THOMAS, Chief Judge, and KLEINFELD and GRABER, Circuit Judges.

In this slip-and-fall case, Plaintiff Abby Rios appeals the judgment for

Defendant Wal-Mart on her negligence claim, which the district court entered after

overturning the jury's verdict for Plaintiff. Reviewing de novo, Wilks v. Reyes, 5

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes that No. 17-15476 is suitable for decision without oral argument. Fed. R. App. P. 34(a)(2).

F.3d 412, 415 (9th Cir. 1993) (articulating the standard for general verdicts); Affordable Hous. Dev. Corp. v. City of Fresno, 433 F.3d 1182, 1193 (9th Cir. 2006) (articulating the standard for special verdicts), we reverse and remand with instructions to reinstate the verdict in Plaintiff's favor.

The district court erred by holding that the jury's answers to the first two questions on the verdict form conflicted with each other. Whether the jury returned a general verdict or a special verdict, the district court's task was to determine "not whether the verdict necessarily makes sense under any reading, but whether it can be read in light of the evidence to make sense." White v. Ford Motor Co., 312 F.3d 998, 1005 (9th Cir. 2002) (emphases added); see also Floyd v. Laws, 929 F.2d 1390, 1396 (9th Cir. 1991) (holding that the court has a duty under the Seventh Amendment to harmonize the jury's answers if possible). Under one reasonable view of the evidence, Defendant's maintenance employee could have prevented Plaintiff's fall had he returned as soon as possible to clean the aisle that he skipped on his route through the store—the aisle where Plaintiff fell. The entrance to the aisle was crowded with customers when he first passed it, but quickly cleared up.

Thus, even though the spill had been on the floor for only two minutes and twelve seconds when Plaintiff fell, the jury reasonably could have found that the

spill existed for long enough that Defendant had constructive notice of it because the maintenance employee could have or should have discovered the spill. See Sprague v. Lucky Stores, Inc., 849 P.2d 320, 322–23 (Nev. 1993) (per curiam) (holding that the question whether a grocery store had constructive notice of a grape on the floor, on which the plaintiff slipped in circumstances similar to those in this case, was a question of fact for the jury). Contrary to Defendant's assertions, no evidence established that the maintenance employee left the area where Plaintiff fell to attend to an urgent matter elsewhere in the store. The employee acknowledged in his deposition that he could not remember where he went after leaving the crucial area; he merely speculated that, if he went in a certain direction, he must have done so because he saw something that required his immediate attention.

**REVERSED** and **REMANDED** with instructions to reinstate the jury's verdict, enter judgment for Plaintiff, and reinstate the order (Docket Entry No. 212) taxing Plaintiff's costs against Defendant.