NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JUN 16 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ELIZABETH TEODORO, | No. 20-15629 |
| Plaintiff-Appellant, | D.C. No. 2:19-cv-00401-JAD-EJY |
| v. | |
| SMITH'S FOOD & DRUG STORES, INC., DBA Smith's Food & Drugs #311, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Nevada
Jennifer A. Dorsey, District Judge, Presiding

Submitted June 9, 2021**
Portland, Oregon

Before: WARDLAW, TALLMAN, and HURWITZ, Circuit Judges.

Elizabeth Teodoro (Teodoro) appeals the district court's grant of summary

judgment on her slip-and-fall claim under Nevada law. We have jurisdiction, 28

U.S.C. § 1291, and review that grant of summary judgment de novo, *Braunling v.*

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

*Countrywide Home Loans, Inc.*, 220 F.3d 1154, 1156 (9th Cir. 2000). We reverse and remand.

Teodoro offered no evidence before the district court suggesting that Smith Food & Drug Stores, Inc. (Smith) or its agents caused the liquid she slipped on to wind up on the floor. Therefore, "liability will lie only if the business had actual or constructive notice of the condition and failed to remedy it." *Sprague v. Lucky Stores, Inc.*, 849 P.2d 320, 323 (Nev. 1993) (per curiam). Because Teodoro has never argued that Smith had actual notice of that liquid, she had to raise a dispute of material fact as to whether Smith "had constructive notice of the hazardous condition" in order to survive summary judgment. *Id.* Whether a business possesses constructive notice is generally "a question of fact properly left for the jury." *Id.*

Viewing the record in the light most favorable to Teodoro, such a dispute existed here based on the witness statement of Franklin Haley. While working at his station 15 feet away from Teodoro, Haley "watched [Teodoro] step" and saw "her foot slip[] out from under her." He then "looked to the floor and saw a puddle of clear water approximately 4 inches in diameter." He then "grabbed a roll of paper towels" and went over to Teodoro. This series of events sufficed to raise a triable issue as to Smith's constructive notice given that Haley apparently could see the puddle of water from his workstation. *See* 62A Am. Jur. 2d Premises

Liability § 503 ("Constructive knowledge may also be shown where, because of the location of the accident, it can be inferred that the store's employees could and should have seen the actual spilling of the liquid or the liquid on the floor after it was spilled, in time to remove or alert others to its existence."); *id.* § 505 ("Constructive knowledge of . . . debris or litter constituting [a] dangerous condition may . . . be shown where a store employee was in the immediate vicinity of the dangerous condition and could have easily seen and removed the hazard.").

**REVERSED AND REMANDED.**