**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

DEC 24 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MARLENE STEIN,

        Plaintiff - Appellant,

v.

COSTCO WHOLESALE CORPORATION
DBA COSTCO WHOLESALE 685; CLUB
DEMONSTRATION SERVICES, INC.,

        Defendants - Appellees.

No. 23-2773

D.C. No.
2:21-cv-00988-JCM-EJY

MEMORANDUM*

Appeal from the United States District Court
for the District of Nevada
James C. Mahan, District Judge, Presiding

Argued and Submitted December 6, 2024
San Francisco, California

Before: BRESS and FORREST, Circuit Judges, and OHTA, District Judge.**

       Plaintiff Marlene Stein appeals from the district court's grant of summary

judgment in her diversity negligence action arising from her slip and fall at a Costco

---

       *       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

       **     The Honorable Jinsook Ohta, United States District Judge for the
Southern District of California, sitting by designation.

store. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

We review a grant of summary judgment de novo. *Castle v. Eurofresh, Inc.*, 731 F.3d 901, 906 (9th Cir. 2013). In doing so, we "must determine whether, viewing the evidence in the light most favorable to the nonmoving party, there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law." *Cameron v. Craig*, 713 F.3d 1012, 1018 (9th Cir. 2013) (quoting *Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir. 2000) (en banc)).

1.    We sua sponte asked the parties to address whether the amount-in-controversy requirement for diversity jurisdiction was satisfied. 28 U.S.C. § 1332(a). Based on the parties' representations at oral argument, we are satisfied that this requirement is met and that the district court had subject-matter jurisdiction. *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 376−77 (9th Cir. 1997) (holding that a judicial admission may establish the amount in controversy).

2.    Regarding the merits, for the reasons the district court discussed we conclude that Stein did not raise a genuine issue of material fact that Defendant Costco Wholesale Corporation had actual or constructive notice of the substance on the floor that Stein contends caused her fall. There is no evidence that the substance had been on the floor for any length of time such that Costco should have been on notice, and Costco performed routine floor inspections every hour. And in accordance with Nevada state courts and federal courts applying Nevada law, we

decline to apply Nevada's mode-of-operation approach outside the context presented in *Sprague v. Lucky Stores, Inc.*, 849 P.2d 320, 322–23 (Nev. 1993) (per curiam). *See, e.g.*, *FGA, Inc. v. Giglio*, 278 P.3d 490, 496−98 (Nev. 2012); *Lyn v. Outback Steakhouse of Florida, LLC*, No. 2:17-cv-00614-GMN-NJK, 2018 WL 6566534 at *4, (D. Nev. Sep. 24, 2018), *aff'd*, 765 F. App'x 357 (9th Cir. 2019) (unpublished) (declining to apply the mode-of-operation approach beyond the factual circumstances presented in *Sprague*).

3.      Finally, we reject Stein's argument that Costco's decision to clean up the spilled substance constitutes spoliation of evidence because it is a conclusory assertion unsupported by legal authority and the evidence in the record. *See Rivera v. Nat'l R.R. Passenger Corp.*, 331 F.3d 1074, 1078 (9th Cir. 2003) ("Conclusory allegations unsupported by factual data cannot defeat summary judgment."). There is no evidence that Costco intentionally destroyed the substance to conceal evidence, and the fact that Costco took photographs of the floor immediately following Stein's fall belies her spoliation theory.

**AFFIRMED.**