ELDORADO CLUB, INC., A NEVADA CORPORATION, DOING BUSINESS AS THE HORSESHOE CLUB AND HORSESHOE OPERATING CO., INC., A NEVADA CORPORATION, APPELLANTS, *v.* FRANCIS B. GRAFF, RESPONDENT.

No. 4516

December 26, 1962

377 P.2d 174

*William Singleton,* of Las Vegas, for Appellants.

*Morton Galane* and *Herman M. Adams,* of Las Vegas, for Respondent.

508

**OPINION**

By the Court, THOMPSON, J.:

On January 3, 1959, Graff, a business invitee, fell while guiding a hand truck, carrying two 100-pound sacks of potatoes, down an inclined ramp leading from an alley to the floor of the Horseshoe Club receiving room. His fall resulted from stepping upon a lettuce leaf on the ramp. Thereafter he commenced suit against the owner of the Horseshoe Club to recover damages for

personal injuries sustained, claiming negligence. A jury returned a general verdict for Graff, assessing damages in the sum of $50,000. Judgment was entered thereon. Eldorado Club, Inc., owner of the Horseshoe Club, appeals.

During presentation of plaintiff's case in chief a witness was permitted to testify, over objection, that on two separate occasions during November 1958 he had slipped and fallen on the ramp, the first time because of "a smear or wet spot," and the second time because of a "lettuce leaf or some green leafy vegetable." The trial court received such testimony for the limited purpose of establishing notice to the defendant of the dangerous condition of the ramp when wet or with refuse upon it.[1] The trial court's ruling is assigned as error. As we believe the assignment has merit, we shall not directly consider the other assignments made.

The thrust of the appellant's contention is that, though "notice evidence" may be admissible to establish the defendant's knowledge of a dangerous condition which is permanent or continuing in character (a structural defect for example), it is not admissible to show such knowledge when, as here, the alleged dangerous condition (the presence of a lettuce leaf on a ramp) is temporary and changeable in nature, and not shown to be continuing.

Before discussing this contention it is appropriate to note that, in the "slip and fall" case involving a foreign substance upon a surface, proof as to how and why such substance was there is indeed a problem. If, perchance, evidence is available to establish or permit the reasonable inference that its presence was the result of conduct by agents or employees of the defendant, liability may be found upon ordinary agency principles; respondeat superior is applicable, and notice is imputed to the defendant. In such case "notice" need not be shown. Wagon Wheel v. Mavrogan, 78 Nev. 126, 369 P.2d 688.

---

[1]Similar evidence offered through another witness was excluded because it related to an occurrence more than six months before the incident giving rise to the present suit, the judge believing any occurrence beyond six months to be too remote.

On the other hand, if the presence of the foreign substance was due to the acts of persons other than agents or employees of the defendant, liability may be found only on proof that the defendant had either actual or constructive notice thereof. Annot., 61 A.L.R.2d 6, 69. Frequently, positive evidence is not available to explain the presence of such foreign substance, and the trier of fact is called upon to draw such reasonable inferences as are permitted from the evidence offered in this regard.

In the instant case positive proof to explain the presence of the lettuce leaf upon the ramp was not offered, presumably because it was not available. However, evidence was received which, in our judgment, would permit the jury to infer that its presence was the result of conduct by agents or employees of the defendant.[2] Evidence was also received which would permit the inference that its presence was due to the conduct of others. Whether the jury attributed its presence to agents and employees of the defendant or to the conduct of others is not known. If the latter, the error committed in receiving the evidence in question is obvious, for the defendant's duty to remove the lettuce leaf depended upon notice of its presence. Surely, the existence of a wet spot and a lettuce leaf on the ramp on separate occasions in November of 1958 and the consequent slips and falls could not serve to notify the defendant of the presence of the lettuce leaf in question which caused Graff to slip and fall on January 3, 1959.

Notwithstanding, Graff urges that such evidence was admissible to establish notice of a dangerous condition, i.e., the ramp with a lettuce leaf on it as distinguished from notice of the *presence* of the lettuce leaf. We consider this to be quibbling. No contention is made that the ramp was dangerous per se; that there was a structural, permanent or continuing defect. Rather, the contention is that the ramp became dangerous because of

---

[2]Garbage cans were maintained in the alley outside the rear door of the receiving room, to which kitchen refuse, including lettuce leaves, was carried periodically over the inclined ramp.

the presence of a lettuce leaf on it. Thus, the instrumentality causing the slip and fall was claimed to be, and in fact was, the lettuce leaf. The admissibility of evidence of prior accidents in this kind of a case, to show notice or knowledge of the danger causing the accident, is generally confined to situations where there are conditions of permanency. See annot., 70 A.L.R.2d 167. Evidence of the type here in question is usually excluded where it relates to a temporary condition which might or might not exist from one day to the other unless, of course, there is proper showing that the conditions surrounding the prior occurrences have continued and persisted. Moore v. American Stores Co., 169 Md. 541, 182 A. 436; Boles v. Montgomery Ward & Co., 153 Ohio St. 381, 92 N.E.2d 9; Montgomery Ward & Co. v. Wright, 70 Ariz. 319, 220 P.2d 225. No such showing was made here. It would be grossly unfair to demand immediate awareness of new peril.

The "slip and fall" due to the temporary presence of a lettuce leaf is a different type situation than that existing in Longabaugh v. The Virginia City and Truckee R. R. Co., 9 Nev. 271, and Powell v. N. C. and O. Railway, 28 Nev. 40, 78 P. 978, relied upon by respondent, and we do not consider the claimed analogy to be valid. We view the precise question here presented to be one of first impression in Nevada. Some cases may be read as permitting evidence of prior slips and falls, even absent a showing that the conditions surrounding the prior occurrences continued and persisted. See Slow Development Company v. Coulter, 88 Ariz. 122, 353 P.2d 890; Cameron v. Small, 182 S.W.2d 565 (Mo.Sup. 1944). We consider the opposite view to be preferable.

We hold, therefore, that where a slip and fall is caused by the temporary presence of debris or foreign substance on a surface, which is not shown to be continuing, it is error to receive "notice evidence" of the type here involved for the purpose of establishing the defendant's duty.

Thus, we must determine whether such error is harmless or prejudicial in view of NRCP 61.[3] Upon admission of the evidence, the court advised the jury that its use was limited to the purpose of establishing notice. As the defendant's duty to remove the lettuce leaf depended upon notice of its presence (assuming its presence to be due to conduct of persons other than defendant's agents or employees), the jury may have used such evidence to establish the defendant's duty when it was not admissible for that purpose. The prejudicial effect, under such circumstances, is apparent. Furthermore, evidence of prior slips and falls introduces collateral issues which sometimes tend to confuse rather than enlighten. Though such evidence is permitted where relevant to notice and duty (despite the introduction of collateral issues), where the cause of the fall is a permanent or continuing condition, the multiple possibilities of its improper application and use by the jury where not relevant to notice and duty, as in this case, are manifest. We conclude that the judgment below must be, and is, reversed and the cause remanded for a new trial.

BADT, C. J., and MCNAMEE, J., concur.

---

[3]NRCP 61 reads: "No error in either the admission or the exclusion of evidence and no error or defect in any ruling or order or in anything done or omitted by the court or by any of the parties is ground for granting a new trial or for setting aside a verdict or for vacating, modifying or otherwise disturbing a judgment or order, unless refusal to take such action appears to the court inconsistent with substantial justice. The court at every stage of the proceeding must disregard any error or defect in the proceeding which does not affect the substantial rights of the parties."