136 Nev., Advance Opinion 26

IN THE COURT OF APPEALS OF THE STATE OF NEVADA

VENETIAN CASINO RESORT, LLC, A
NEVADA LIMITED LIABILITY
COMPANY; AND LAS VEGAS SANDS,
LLC, A NEVADA LIMITED LIABILITY
COMPANY,
Petitioners,
vs.
THE EIGHTH JUDICIAL DISTRICT
COURT OF THE STATE OF NEVADA,
IN AND FOR THE COUNTY OF
CLARK; AND THE HONORABLE
KATHLEEN E. DELANEY, DISTRICT
JUDGE,
Respondents,
  and
JOYCE SEKERA, AN INDIVIDUAL,
Real Party in Interest.

No. 79689-COA

FILED

MAY 14 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

Original petition for a writ of mandamus or prohibition challenging a district court order requiring petitioners to produce unredacted prior incident reports in discovery and refusing to impose requested protections related to those reports.

*Petition granted.*

Royal & Miles LLP and Gregory A. Miles and Michael A. Royal, Henderson, for Petitioners.

The Galliher Law Firm and Keith E. Galliher, Jr., Las Vegas, for Real Party in Interest.

20-18329

BEFORE GIBBONS, C.J., and TAO, J.[1]

*OPINION*

By the Court, GIBBONS, C.J.:

The Nevada Rules of Civil Procedure were recently amended, including significant portions of NRCP 26—the seminal rule governing discovery. These amendments have changed the analysis that district courts must conduct. In this writ proceeding, we discuss the proper process courts must use when determining the scope of discovery under NRCP 26(b)(1). We also provide a framework for courts to apply when determining whether a protective order should be issued for good cause under NRCP 26(c)(1). Because respondents did not engage in this process or use the framework we are providing, we grant the petition and direct further proceedings.

*FACTS AND PROCEDURAL HISTORY*

Real party in interest, Joyce Sekera, allegedly slipped and fell on the Venetian Casino Resort's marble flooring and was seriously injured. During discovery, Sekera requested that the Venetian produce incident reports relating to slip and falls on the marble flooring for the three years preceding her injury to the date of the request. In response, the Venetian provided 64 incident reports that disclosed the date, time, and circumstances of the various incidents. However, the Venetian redacted the

---

[1]The Honorable Bonnie A. Bulla, Judge, voluntarily recused herself from participation in the decision of this matter. In her place, the Honorable Michael L. Douglas, Senior Justice, was appointed to participate in the decision of this matter under an order of assignment entered on February 13, 2020. Nev. Const. art. 6, § 19(1)(c); SCR 10. Subsequently, that order was withdrawn.

personal information of injured parties from the reports, including names, addresses, phone numbers, medical information, and any social security numbers collected. Sekera insisted on receiving the unredacted reports in order to gather information to prove that it was foreseeable that future patrons could slip and fall on the marble flooring and that the Venetian was on notice of a dangerous condition.[2] Further, Sekera wanted to contact potential witnesses to gather information to show that she was not comparatively negligent, as the Venetian asserted. Sekera's counsel disseminated all 64 redacted reports to other plaintiffs' counsel in different cases, who also were engaged in litigation against the Venetian for slip and fall injuries.

Unable to resolve their differences regarding redaction, the Venetian moved for a protective order, which Sekera opposed. The discovery commissioner found that there was a legitimate privacy issue and recommended that the court grant the protective order, such that the reports remain redacted, and prevented Sekera from sharing the reports outside of the current litigation. The commissioner further recommended, however, that after Sekera reviewed the 64 redacted reports and identified substantially similar accidents that occurred in the same location as her fall, the parties could have a dispute resolution conference pursuant to EDCR 2.34. At that conference, the parties would have the opportunity to reach an agreement to allow disclosure of the persons involved in the previous similar accidents. If the parties failed to reach an agreement, Sekera could file an appropriate motion.

---

[2]Sekera agreed that any social security numbers should remain redacted.

Sekera objected to the discovery commissioner's recommendation. The district court agreed with the objection and rejected the discovery commissioner's recommendation in its entirety, thereby denying the motion for a protective order. The district court concluded (1) there was no legal basis to preclude Sekera from knowing the identity of the persons involved in the prior incidents, as this information was relevant discovery material, and (2) there was no legal basis to prevent the disclosure of the unredacted reports to third parties not involved in the Sekera litigation. Nevertheless, the court strongly cautioned Sekera to be careful with how she shared and used the information.

The Venetian filed the instant petition for writ relief, which was transferred to this court pursuant to NRAP 17. We subsequently granted a stay of the district court's order pending resolution of this petition.

## DISCUSSION

### Writ consideration is appropriate

This court has original jurisdiction to issue writs of mandamus. Nev. Const. art. 6, § 4(1). But "[t]he decision to entertain a writ petition lies solely within the discretion of" the appellate courts. *Quinn v. Eighth Judicial Dist. Court*, 134 Nev. 25, 28, 410 P.3d 984, 987 (2018). "A writ of mandamus is available to compel the performance of an act that the law requires . . . or to control an arbitrary or capricious exercise of discretion." *Humphries v. Eighth Judicial Dist. Court*, 129 Nev. 788, 791, 312 P.3d 484, 486 (2013). Writ relief is not appropriate where a "plain, speedy, and adequate remedy" at law exists. *Id.* "A writ of mandamus may be issued to compel the district court to vacate or modify a discovery order."[3] *Valley*

---

[3]We recognize that writs of prohibition are typically more appropriate for the prevention of improper discovery. *See, e.g., Club Vista Fin. Servs. v.*

*Health Sys., LLC v. Eighth Judicial Dist. Court*, 127 Nev. 167, 171, 252 P.3d 676, 678 (2011).

Here, if the discovery order by the district court remained in effect, a later appeal would not effectively remedy any improper disclosure of the Venetian's guests' private information. Because we conclude that the Venetian has no plain, speedy, and adequate remedy at law, we exercise our discretion to entertain the merits of this petition. NRS 34.170.

*The district court should have considered proportionality under NRCP 26(b)(1)*

The Venetian argues that the district court abused its discretion when it did not consider and apply proportionality under NRCP 26(b)(1) prior to allowing the discovery.[4] Sekera argues that other courts

---

*Eighth Judicial Dist. Court*, 128 Nev. 224, 228 n.6, 276 P.3d 246, 249 n.6 (2012). A writ of prohibition is the "proper remedy to restrain a district judge from exercising a judicial function without or in excess of its jurisdiction." *Smith v. Eighth Judicial Dist. Court*, 107 Nev. 674, 677, 818 P.2d 849, 851 (1991); *see also* NRS 34.320. Here, we are not concluding that the district court's discovery order was outside its jurisdiction. Instead, we are (1) compelling the district court to perform the analysis that the law requires and (2) controlling an arbitrary exercise of discretion. Thus, mandamus relief is more appropriate, and we deny the Venetian's alternative request for a writ of prohibition.

[4]The Nevada Rules of Civil Procedure were amended effective March 1, 2019. *See In re Creating a Comm. to Update & Revise the Nev. Rules of Civil Procedure*, ADKT 0522 (Order Amending the Rules of Civil Procedure, the Rules of Appellate Procedure, and the Nevada Electronic Filing and Conversion Rules, December 31, 2018) ("[T]his amendment to the [NRCP] shall be effective prospectively on March 1, 2019, as to all pending cases and cases initiated after that date."). Thus, we cite and apply the current version of Rule 26 because the motions and hearings before the district court judge, and the resulting orders at issue in this writ petition, all occurred after March 1, 2019.

have found the information at stake here to be discoverable under rules similar to NRCP 26(b)(1).[5] We agree with the Venetian.

Generally, "[d]iscovery matters are within the district court's sound discretion, and we will not disturb a district court's ruling regarding discovery unless the court has clearly abused its discretion." *Club Vista*, 128 Nev. at 228, 276 P.3d at 249. NRCP 26(b)(1) defines and places limitations on the scope of discovery:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claims or defenses and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

NRCP 26(b)(1). Further, "[i]nformation within this scope of discovery need not be admissible in evidence to be discoverable." *Id.*

Here, the district court identified only relevance at the hearing and in its order as the legal basis to deny the protective order. Specifically, the court stated at the hearing that the information was relevant to show

---

[5]The authority cited by Sekera is unpersuasive, as the cases do not consider proportionality as required by the newly adopted amendments to NRCP 26(b)(1). However, we emphasize that our opinion does not stand for the proposition that the information at stake here is not proportional to the needs of the case and thus not discoverable. Rather, we hold that the district court must conduct the proper analysis under the current version of NRCP 26(b)(1) and consider both relevance *and* proportionality together as the plain language of the rule requires.

notice and foreseeability.[6]   Problematically, the district court did not undertake any analysis of proportionality as required by the new rule.  The rule amendments added a consideration of proportionality to

> redefine[ ] the scope of allowable discovery consistent with the proportionate discovery provision in FRCP 26(b).  As amended, [NRCP] 26(b)(1) requires that discovery seek information "relevant to any party's claims or defenses and proportional needs of the case," departing from the past scope of "relevant to the subject matter involved in the pending action."  This change allows the district court to eliminate redundant or disproportionate discovery and reduce the amount of discovery that may be directed to matters that are otherwise proper subjects of inquiry.

NRCP 26 advisory committee's note to 2019 amendment; *see also* FRCP 26 advisory committee's note to 2015 amendment ("The objective is to guard against redundant or disproportionate discovery by giving the court authority to reduce the amount of discovery that may be directed to matters that are otherwise proper subjects of inquiry.").  When FRCP 26(b)(1) was amended, federal district courts noted that relevance was no longer enough for allowing discovery. *In re Bard IVC Filters Prod. Liab. Litig.*, 317 F.R.D. 562, 564 (D. Ariz. 2016) ("Relevancy alone is no longer sufficient—discovery must also be proportional to the needs of the case."); *Samsung Elecs. Am.,*

---

[6]The Venetian cites *Eldorado Club, Inc. v. Graff*, 78 Nev. 507, 511, 377 P.2d 174, 176 (1962), to demonstrate prior incidents are not relevant to establish notice when it relates to a temporary condition "unless . . . the conditions surrounding the prior occurrences have continued and persisted." Sekera appears to have abandoned the notice and foreseeability arguments proffered in the district court and now only argues in her answering brief that the unredacted reports are relevant to show a lack of comparative negligence.

*Inc. v. Yang Kun Chung*, 321 F.R.D. 250, 279 (N.D. Tex. 2017) ("[D]iscoverable matter must be both relevant and proportional to the needs of the case—which are related but distinct requirements.").[7]

As noted above, NRCP 26(b)(1) outlines several factors for district courts to consider regarding proportionality:

> [(1)] the importance of the issues at stake in the action; [(2)] the amount in controversy; [(3)] the parties' relative access to relevant information; [(4)] the parties' resources; [(5)] the importance of the discovery in resolving the issues; and [(6)] whether the burden or expense of the proposed discovery outweighs its likely benefit.[8]

*See also In re Bard*, 317 F.R.D. at 563. Upon consideration of these factors, "a court can—and must—limit proposed discovery that it determines is not proportional to the needs of the case . . . ." *Vallejo v. Amgen, Inc.*, 903 F.3d 733, 742 (8th Cir. 2018) (quoting *Carr v. State Farm Mut. Auto. Ins., Co.*, 312 F.R.D. 459, 468 (N.D. Tex. 2015)).

The district court abused its discretion when it failed to analyze proportionality in light of the revisions to NRCP 26(b)(1) and make findings related to proportionality. Because discovery decisions are "highly fact-

---

[7]"[F]ederal decisions involving the Federal Rules of Civil Procedure provide persuasive authority" for Nevada appellate courts considering the Nevada Rules of Civil Procedure. *Nelson v. Heer*, 121 Nev. 832, 834, 122 P.3d 1252, 1253 (2005). Furthermore, the current version of the NRCP is modeled after the federal rules. NRCP Preface, advisory committee's notes to 2019 amendment.

[8]Per the amendments to the Federal Rules of Civil Procedure, these factors specifically apply to proportionality. *See* FRCP 26 advisory committee's note to 2015 amendment ("The present amendment restores the *proportionality factors* to their original place in defining the scope of discovery." (emphasis added)).

intensive," *In re Anonymous Online Speakers*, 661 F.3d 1168, 1176 (9th Cir. 2011), and this court is not positioned to make factual determinations in the first instance, we decline to do so; instead, we direct the district court to engage in this analysis.[9] *See Ryan's Express Transp. Servs., Inc. v. Amador Stage Lines*, 128 Nev. 289, 299, 279 P.3d 166, 172-73 (2012).

*The district court should have determined whether the Venetian demonstrated good cause for a protective order under NRCP 26(c)(1)*

The Venetian sought a protective order under NRCP 26(c)(1), arguing that it had good cause to obtain one. The district court determined that there was no legal basis for a protective order. We disagree and conclude the district court abused its discretion when it determined that it had no legal basis to protect the Venetian's guests' information without first considering whether the Venetian demonstrated good cause for a protective order based on the individual circumstances before it. As stated above, discovery matters are generally reviewed for an abuse of discretion. *Club Vista*, 128 Nev. at 228, 276 P.3d at 249. A district court abuses its discretion when it "ma[kes] neither factual findings nor legal arguments" to support its decision regarding a protective order. *In re Nat'l Prescription Opiate Litig.*, 927 F.3d 919, 929 (6th Cir. 2019) (quoting *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 102 (1981)).

---

[9]While the district court abused its discretion by not considering proportionality whatsoever in its order or at the hearing, the parties are also responsible for determining if their discovery requests are proportional. "[T]he proportionality calculation to [FRCP] 26(b)(1)" is the responsibility of the court and the parties, and "does not place on the party seeking discovery the burden of addressing all proportionality considerations." FRCP 26, advisory committee's notes to 2015 amendment.

NRCP 26(c)(1) articulates the standard for protective orders, stating that "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . ."[10] The United States Supreme Court has interpreted the similar language of FRCP 26(c) as conferring "broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984). The Court continued by noting that the "trial court is in the best position to weigh fairly the competing needs and interests of the parties affected by discovery." *Id.* "The unique character of the discovery process requires that the trial court have substantial latitude to fashion protective orders." *Id.*

The United States Court of Appeals for the Ninth Circuit has articulated a three-part test for conducting a good-cause analysis under FRCP 26(c). *In re Roman Catholic Archbishop of Portland in Or.*, 661 F.3d 417, 424 (9th Cir. 2011). First, the district court must determine if particularized harm would occur due to public disclosure of the information. *Id.* at 424. ("As we have explained, '[b]road allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not

---

[10]Although NRCP 26(c), like its federal counterpart, applies to all forms of discovery (including written discovery), the Nevada Supreme Court has defined what constitutes good cause under the rule only in the context of depositions. *See Okada v. Eighth Judicial Dist. Court*, 131 Nev. 834, 842-43, 359 P.3d 1106, 1112 (2015) (articulating factors for courts to consider when determining good cause for a protective order designating the time and place of a deposition). Therefore, Nevada courts do not have firm guidelines to assist their determination of good cause when it comes to written discovery.

satisfy the Rule 26(c) test.'" (quoting *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992))).

Second, if the district court concludes that particularized harm would result, then it must "balance the public and private interests to decide whether . . . a protective order is necessary." *Id.* (internal quotation marks and citation omitted). The Ninth Circuit has directed federal district courts to utilize the factors set forth in a Third Circuit Court of Appeals case, *Glenmede Trust Co. v. Thompson*, 56 F.3d 476, 483 (3d Cir. 1995), to help them balance the private and public interests. *Roman Catholic*, 661 F.3d at 424; *see also Phillips v. Gen. Motors*, 307 F.3d 1206, 1212 (9th Cir. 2002). *Glenmede* sets forth the following nonmandatory and nonexhaustive list of factors for courts to consider when determining if good cause exists:

> (1) whether disclosure will violate any privacy interests; (2) whether the information is being sought for a legitimate purpose or for an improper purpose; (3) whether disclosure of the information will cause a party embarrassment; (4) whether confidentiality is being sought over information important to public health and safety; (5) whether the sharing of information among litigants will promote fairness and efficiency; (6) whether a party benefiting from the order of confidentiality is a public entity or official; and (7) whether the case involves issues important to the public.

56 F.3d at 483. The *Glenmede* court further recognized that the district court is in the best position to determine what factors are relevant to balancing the private and public interests in a given dispute. *Id.*

Third, even if the factors balance in favor of protecting the discovery material, "a court must still consider whether redacting portions of the discovery material will nevertheless allow disclosure." *Roman Catholic*, 661 F.3d at 425.

The Venetian sought a protective order pursuant to NRCP 26(c)(1), but the district court summarily concluded that there was no legal basis for issuing the protective order. It did so without analyzing whether the Venetian had shown good cause pursuant to NRCP 26(c)(1).[11] The district court's outright conclusion that there was no legal basis for a protective order and failure to conduct a good-cause analysis resulted in an arbitrary exercise of discretion. NRCP 26(c)(1) grants the district court authority to craft a protective order that meets the factual demands of each case if a litigant demonstrates good cause. Thus, since the court did have the legal authority to enter a protective order if the Venetian had shown good cause under NRCP 26(c)(1), it should have determined whether good cause existed based on the facts before it.

To determine good cause, we now approve of the framework established by the Ninth Circuit in *Roman Catholic* and the factors listed by the Third Circuit in *Glenmede*. District courts should use that framework and applicable factors, and any other relevant factors, to consider whether parties have shown good cause under NRCP 26(c)(1).[12] If

[11]Sekera argues that the district court did not abuse its discretion by determining the Venetian did not show good cause. We are not convinced. The fact that the district court failed to mention good cause, either in its order or at the hearing, undermines Sekera's argument.

[12]Writ relief is discretionary, and in light of our disposition, we decline to address the other issues argued by the parties in this original proceeding. However, we note that *Glenmede* factors one, three, and five authorize the district court to consider the ramifications of information being disseminated to third parties (i.e., "whether disclosure will violate any privacy interests," "whether disclosure of the information will cause a party embarrassment," and "whether the sharing of information among litigants will promote fairness and efficiency"). 56 F.3d at 483. Importantly, the Nevada Supreme Court has recently stated that disclosing medical

the party seeking the protective order has shown good cause, a district court may issue a remedial protective order as circumstances require. *See* NRCP 26(c)(1). However, we do not determine whether the Venetian has established good cause for a protective order; instead, we conclude that is a matter for the district court to decide in the first instance. *See Ryan's Express*, 128 Nev. at 299, 279 P.3d at 172.

## CONCLUSION

In denying the Venetian's motion for a protective order, the district court abused its discretion in two ways. First, it focused solely on relevancy and did not consider proportionality as required under the amendments to NRCP 26(b)(1). Second, it did not conduct a good-cause analysis as required by NRCP 26(c)(1). Because the district court failed to conduct a full analysis, its decision was arbitrarily rendered.

Thus, we grant the Venetian's petition and direct the clerk of this court to issue a writ of mandamus instructing the district court to vacate its order denying the Venetian's motion for a protective order. The district court shall conduct further proceedings consistent with this opinion to determine whether disclosure of the unredacted reports is relevant and proportional under NRCP 26(b)(1). If disclosure is proper, the district court must conduct a good-cause analysis under NRCP 26(c)(1), applying the framework provided herein to determine whether the Venetian has shown good cause for a protective order. If the Venetian demonstrates good cause,

---

information implicates a nontrivial privacy interest in the context of public records requests. *Cf. Clark Cty. Coroner v. Las Vegas Review-Journal*, 136 Nev., Adv. Op. 5, 458 P.3d 1048, 1058-59 (2020) (explaining that juvenile autopsy reports implicate "nontrivial privacy interest[s]" due to the social and medical information they reveal, which may require redaction before their release).

the district court may issue a protective order as dictated by the circumstances of this case.

_____, C.J.
Gibbons

I concur:

_____, J.
Tao

COURT OF APPEALS
OF
NEVADA

(O) 1947B